[No. B011060. Second Dist., Div. Seven. Mar. 18, 1986.]

PACIFIC AIRMOTIVE CORPORATION, Plaintiff and Appellant, v. FIRST INTERSTATE BANK, Defendant and Respondent.

## COUNSEL

Gibson, Dunn & Crutcher, Joseph P. Busch III and Eloise S. Hock for Plaintiff and Appellant.

James W. O'Neil, Peter G. Wheelon, Sherrill L. Johnson, Reish & Davis, Sullivan, Workman & Dee and Charles D. Cummings for Defendant and Respondent.

## OPINION

**JOHNSON, J.**—This is an action under state law by an employer against the trustee of its employee retirement plan for damages suffered by the employer because the trustee inaccurately reported the assets of the plan. The trial court sustained the trustee's demurrer to the complaint without leave to amend and dismissed the action on the ground the Employee Retirement Income Security Act (ERISA) gives the federal courts exclusive jurisdiction over the employer's claim. We reverse.

### FACTS AND PROCEEDINGS BELOW

For purposes of appeal we accept as true the properly pleaded factual allegations of the complaint. (*Lopez* v. *Southern Cal. Rapid Transit Dist.* (1985) 40 Cal.3d 780, 784 [221 Cal.Rptr. 840, 710 P.2d 907].) Furthermore, the allegations of the complaint must be liberally construed with a view to attaining substantial justice among the parties. (*Thompson* v. *County of Alameda* (1980) 27 Cal.3d 741, 746 [167 Cal.Rptr. 70, 614 P.2d 728, 12 A.L.R.4th 701].)

Plaintiff, Pacific Airmotive Corporation (PAC), appointed defendant, First Interstate Bank (bank), trustee of its employee benefit plan pursuant

to the requirement of ERISA that the assets of a plan be held in trust. (29 U.S.C. § 1103(a).) Under the terms of the trust agreement, the bank was required to render to PAC periodic reports of the plan's assets.

When PAC underwent a major reduction in its work force it entered into collective bargaining negotiations with the unions representing its employees. In reliance on the completeness and accuracy of the reports furnished by the bank, PAC determined the retirement plan had sufficient assets to provide the full value of accrued pensions to terminated employees. On the basis of this determination, PAC agreed with the terminated employees and their unions to full payment of accrued pensions under the plan. Subsequently, PAC learned the reports provided by the bank overstated the plan's assets by approximately $550,000. As a result, PAC was required to contribute an additional amount, approximately $130,000, to the retirement plan.

PAC sued the bank in superior court asserting state law claims of breach of contract and breach of fiduciary duty. The bank demurred on the grounds the state law claims were superseded by ERISA and, under ERISA, the federal courts have exclusive jurisdiction over any disputes arising between PAC and the bank under the trust agreement. As we noted above, the trial court agreed with the bank's contentions. Therefore, it sustained the bank's demurrer without leave to amend and dismissed the complaint.

### STATEMENT OF THE ISSUE

The first task in this case is to properly frame the issue to be decided. This is not a suit for damages incurred by the employee benefit plan or any participant or beneficiary under the plan. It is not alleged the bank mismanaged the plan assets. Rather, PAC sued the bank under state law causes of action for breach of contract and breach of fiduciary duty for damages incurred by PAC, itself, as a result of the bank's failure to properly carry out reporting duties owed to PAC under the trust agreement.

The provisions of ERISA pertaining to employee benefits plans, "supersede any and all State laws insofar as they . . . relate to any employee benefit plan . . . ." (29 U.S.C. § 1144(a).)

The issue we address is a narrow one. Do state laws authorizing a suit by a trustor against a trustee for damages to the trustor, personally, arising from the trustee's breach of reporting duties owed the trustor under the trust agreement "relate to [an] employee benefit plan" merely because the trust holds assets of an employee benefit plan?

If state laws are superseded by ERISA in this context then jurisdiction over their ERISA analogs, if any, lies exclusively in the federal courts. This

is so because, except for certain actions by plan participants and beneficiaries, the federal courts have exclusive jurisdiction over civil actions arising under an employee benefit plan covered by Title I of ERISA. (29 U.S.C. § 1132(e)(1); and see *Johnson* v. *Transworld Airlines, Inc.* (1983) 149 Cal.App.3d 518, 525 [196 Cal.Rptr. 896]; *Farrow* v. *Montgomery Ward Long Term Disability Plan* (1986) 176 Cal.App.3d 648, 657 [222 Cal.Rptr. 325].)

For the reasons set forth below, we hold PAC's state law claims are not preempted by ERISA. Therefore, the superior court has jurisdiction over these claims.

## DISCUSSION

■ In deciding whether ERISA preempts state law, our task is to ascertain Congress' intent in enacting the relevant ERISA provisions (*Shaw* v. *Delta Air Lines, Inc.* (1983) 463 U.S. 85, 95 [77 L.Ed.2d 490, 499, 103 S.Ct. 2890]) bearing in mind the presumption is against preemption particularly in areas traditionally left to state law. (*Metropolitan Life Ins. Co.* v. *Massachusetts* (1985) 471 U.S. —, — [85 L.Ed.2d 728, 740-741, 105 S.Ct. 2380].)

■ ERISA is a comprehensive statute designed to promote the interests of employees and their beneficiaries in employee benefit plans. (*Shaw* v. *Delta Air Lines, Inc., supra,* 463 U.S. at p. 90 [77 L.Ed.2d at p. 496].) This is explicit in the congressional findings and declarations of policy (29 U.S.C. § 1001(a)) as well as numerous specific provisions of the act.[1]

Most relevant to our inquiry are the provisions relating to fiduciary duty and reporting requirements. "[A] fiduciary shall discharge his duties with respect to a plan solely in the interest of the participants and beneficiaries . . . ." (29 U.S.C. § 1104(a)(1).) "Any person who is a fiduciary with respect to a plan who breaches any of the responsibilities, obligations, or duties imposed upon fiduciaries by this subchapter shall be personally liable

---

[1]Congress acted to impose federal control over employee welfare and pension plans because in part, "the continued well-being and security of millions of employees and their dependents are directly affected by these plans; . . . it is desirable in the interests of employees and their beneficiaries . . . that . . . safeguards be provided with respect to the establishment, operation, and administration of such plans; . . . [and] that minimum standards be provided assuring the equitable character of such plans and their financial soundness." (29 U.S.C. § 1001(a).) Subchapter I of ERISA (29 U.S.C. §§ 1001-1145), with which we are concerned here, requires administrators of all covered pension plans to submit periodic reports to plan participants and the Secretary of Labor; mandates minimum participation, vesting and funding schedules; establishes standards of fiduciary conduct; and provides for criminal enforcement as well as civil enforcement by the secretary, or by a participant, beneficiary or fiduciary.

to make good to such plan any losses to the plan resulting from each such breach . . . ." (29 U.S.C. § 1109(a).) Each plan administrator is required to file with the Secretary of Labor and furnish to participants an annual report that includes a statement of the assets and liabilities of the plan. (29 U.S.C. § 1023(a)(1)(A), (b)(1), (2).)

Legislative history shows the preemption provision, too, was designed for the protection of plan participants and their beneficiaries. For example, one of the bill's sponsors observed, " 'With the preemption of the field, we round out the protection afforded participants by eliminating the threat of conflicting and inconsistent State and local regulation.' " (Comments of Representative Dent, quoted in *Shaw* v. *Delta Air Lines, Inc., supra,* 463 U.S. at p. 99 [77 L.Ed.2d at p. 502].)

There is no indication in the act or its legislative history Congress had in mind the legal relationship between the trustor-employer and the trustee created by 29 U.S.C. § 1103 when it enacted the preemption provision, except as that legal relationship might affect the security and well-being of the plan participants.

It is now settled section 1144 does not preempt only state laws dealing with subject matters specifically covered by ERISA. It applies to any state law which regulates directly or indirectly the terms and conditions of employer benefit plans. (29 U.S.C. § 1144(c)(2); *Shaw* v. *Delta Air Lines, supra,* 463 U.S. at pp. 98-100 [77 L.Ed.2d at pp. 501-503]; *Carpenters Health & Welfare Trust Fund* v. *Parnas Corp.* (1986) 176 Cal.App.3d 1196, 1201 [222 Cal.Rptr. 668].) In *Shaw,* the Supreme Court stated a law "relates to" an employee benefit plan if it has "a connection with or reference to such a plan." Thus, the court found state laws which dictated how employers structure their employee benefit plans clearly "relate to" such benefit plans. (463 U.S. at p. 97 [77 L.Ed.2d at p. 501].) A state law prohibiting the offset of workers' compensation benefits against retirement pension benefits was held to be preempted by ERISA in *Alessi* v. *Raybestos-Manhattan, Inc.* (1981) 451 U.S. 504 [68 L.Ed.2d 402, 101 S.Ct. 1895]. The court found the state law related to employee benefit plans, albeit indirectly, because it eliminated a method for calculating pension benefits permitted under ERISA. (*Id.,* at pp. 524-525 [68 L.Ed.2d at pp. 417-418].)

The high court has noted, however, some state laws may affect employee benefit plans in ways too tenuous, remote, or peripheral to warrant a finding the law "relates to" the plan. (*Shaw, supra,* 463 U.S. at p. 100, fn. 21 [77 L.Ed.2d at p. 503].) In *Franchise Tax Bd.* v. *Laborers Vacation Trust* (1983) 463 U.S. 1, 25-26 [77 L.Ed.2d 420, 440-441, 103 S.Ct. 2841] decided the same day as *Shaw,* the court held a suit filed in state court

against the trustees of an employee benefit plan for failing to comply with levies under state law for unpaid taxes owed by trust beneficiaries was not of central concern to ERISA and, therefore, not preempted.

Lower federal court decisions have also recognized ERISA is not a talisman turning away every state law claim that touches a benefit plan. In *Lane* v. *Goren* (9th Cir. 1984) 743 F.2d 1337 the court held ERISA did not preempt the authority of a state agency to remedy discriminatory employment practices merely because the alleged discrimination occurred in a program funded under an ERISA employee benefit plan. The actions of the agency applied to the employer in its capacity as employer, and in the same way all other employers are affected. "It simply cannot be said that state law which prohibits dismissal of an employee because of race 'relate[s] to' . . . an employee benefit plan under these circumstances." (*Id.*, at p. 1340.) The court also found the state action in no way regulated the "terms and conditions" of an ERISA plan, which the court interpreted as including rules concerning reporting, disclosure, and fiduciary duty. (*Ibid.*) A later Ninth Circuit opinion, *Scott* v. *Gulf Oil Corp.* (9th Cir. 1985) 754 F.2d 1499, 1505, upheld certain state law claims of defendant's former employees because they did not arise under an ERISA benefit plan and did not raise any issues concerning matters regulated by ERISA, i.e., "the administration, reporting, disclosure, funding, vesting, and enforcement of benefit plans." (*Ibid.*) In *American Tel. & Tel. Co.* v. *Merry* (2d Cir. 1979) 592 F.2d 118, the court declined to draw "the unreasonable conclusion that Congress intended to preempt even those state laws that only in the most remote and peripheral manner touch upon pension plans." (*Id.*, at p. 121.) The court upheld a state court order garnishing a husband's ERISA pensions benefits to satisfy the wife's claim for support under state law. This case was cited in *Shaw, supra,* as an example of state action "too tenuous, remote, or peripheral . . . to warrant a finding that the law 'related to' the plan." (463 U.S. at p. 100, fn. 21 [77 L.Ed.2d at p. 503].)

The remoteness of the relationship between the state law and the plan was also considered in *Cornell Mfg. Co.* v. *Mushlin* (1979) 70 App.Div.2d 123 [420 N.Y.S.2d 231]. There, the plaintiff alleged defendants wasted corporate assets by causing excessive payments to be made into the pension plan, which they controlled, and withdrawing inordinate benefits. In rejecting defendants' preemption argument the court observed, "[T]he pension plan was nothing more than the instrumentality by which the Mushlins accomplished the alleged misappropriation of plaintiff's funds. We do not believe that ERISA was meant to shield such misconduct from State law especially where, as here, no interest protected by the Act is involved." (*Id.*, at p. 236.)

The bank has cited several federal decisions holding state law claims for breach of contract or fiduciary duty preempted by ERISA. (*Blau* v. *Del Monte Corp.* (9th Cir. 1984) 748 F.2d 1348; *Lafferty* v. *Solar Turbines Intern.* (9th Cir. 1982) 666 F.2d 408; *Dependahl* v. *Falstaff Brewing Corp.* (8th Cir. 1981) 653 F.2d 1208; *Ovitz* v. *Jeffries & Co., Inc.* (N.D.Ill. 1983) 574 F.Supp. 488.) Each of these cases is distinguishable on the same ground. Each involved a claim based on state law by a participant or beneficiary for benefits under an ERISA plan. Thus, each of these cases presents the classic example of how a general state law "relates to" an employee benefit plan: when it is being used to obtain contested benefits under the plan. (*Miller* v. *Lay Trucking Co., Inc.* (N.D.Ind. 1985) 606 F.Supp. 1326, 1333.)

More to the point are cases upholding state breach of contract actions against claims of ERISA preemption where the contract provision at issue had no bearing on the terms and conditions of the plan and the litigants were not plan participants or beneficiaries. *Gould, Inc.* v. *Pension Ben. Guar. Corp.* (S.D.N.Y. 1984) 589 F.Supp. 164 arose from an employer's alleged failure to make the required contributions to an ERISA pension plan. That matter was settled by arbitration between the union representing the employees, the employer and the employer's surety, Gould. The issue before the court was whether, in addition to paying the amount guaranteed on the employer's behalf under the settlement, the surety was liable for interest. Under New York law the surety was not liable for interest on the guaranteed sum; but, it was argued, ERISA superseded New York law giving the court discretion to award interest. The court held ERISA did not supersede New York law because the central factor in the case was the arms-length settlement agreement between the parties. The involvement of the pension plan was found to be "remote" and "peripheral" as far as state law was concerned. (*Id.,* at p. 168.) In *McNeil* v. *Suffolk Cty. Painters Ins., Etc.* (E.D.N.Y. 1977) 431 F.Supp. 387, the administrator of an ERISA pension plan sued the plan trustees under state law alleging breach of his employment contract. The trustees argued the state law claims were barred by the ERISA preemption provision because in discharging the plaintiff the trustees were engaging in fiduciary duties imposed on them by ERISA. The court rejected this argument noting plaintiff's suit was a "simple contract . . . action . . . . [¶] [It] is not brought under the provisions of the plan, it seeks to enforce no rights under the plan, nor does it relate to future benefits under the plan." (*Id.,* at pp. 388-389.)

■ In summary, four factors influence the determination of an ERISA preemption claim: (1) the extent to which the law in question relates to an area traditionally within a state's domain (*Metropolitan Life Ins. Co.* v. *Massachusetts, supra,* 471 U.S. at pp. —— [85 L.Ed.2d at pp. 740-741];

*American Tel. & Tel. Co.* v. *Merry, supra,* 592 F.2d at p. 122); (2) the extent to which the law directly or indirectly impinges on the terms and conditions of an employee benefit plan (*Shaw* v. *Delta Air Lines, Inc., supra,* 463 U.S. at p. 97 [77 L.Ed.2d at p. 501]; *Lane* v. *Goren, supra,* 743 F.2d at p. 1340); (3) the extent to which the relief sought is incompatible with ERISA (*Alessi* v. *Raybestos-Manhattan Inc., supra,* 451 U.S. at p. 524 [68 L.Ed.2d at p. 417] and see *Massachusetts Mut. Life Ins. Co.* v. *Russell* (1985) — U.S. —, — [87 L.Ed.2d 96, 105, 105 S.Ct. 3085]); and (4) the extent to which the rights the plaintiff seeks to enforce arise under an employee benefit plan. (*Franchise Tax Bd.* v. *Laborers Vacation Trust, supra,* 463 U.S. at pp. 24-27 [77 L.Ed.2d at pp. 440-442]; *Gould, Inc.* v. *Pension Ben. Guar. Corp., supra,* 589 F.2d at p. 168; *Cornell Mfg. Co. Inc.* v. *Mushlin, supra,* 420 N.Y.S.2d at p. 236.)

We turn now to the particular circumstances of the case before us.

■ Actions for breach of contract have historically been a proper action in a state forum. (*Harper* v. *National Flood Insurers Ass'n* (M.D.Pa. 1980) 494 F.Supp. 234, 239.) An action for breach of fiduciary duty is, in essence, an action for breach of contract.

■ PAC's claims do not impinge directly or indirectly on the employee benefit plan. PAC does not seek benefits under the plan nor does it seek relief which would have the effect of altering, modifying or amending the plan in any way. The plan will be totally unaffected by this suit whatever its outcome. The issues raised by PAC's claim are no different than those that might be raised by any other bank customer who reasonably relied on a bank's inaccurate statement of an account. (Cf. *Scott* v. *Gulf Oil Corp., supra,* 754 F.2d 1499.) It bears emphasis the reporting requirements imposed by ERISA are imposed on the plan administrator, not the trustee, and the duty to report is owed to the plan participants and beneficiaries, not the employer. The reporting requirements in our case were imposed by the contract between PAC and the bank.

The relief sought in this case is not incompatible with the provisions of ERISA. (Cf. *Carpenters Health & Welfare Trust Fund, supra,* 176 Cal.App.3d at p. 1201.) Unlike the state law involved in *Alessi, supra,* which prohibited a method of calculating benefits permitted by ERISA, state law claims for breach of contract and fiduciary duty under the facts of this case would not frustrate congressional intent. Furthermore, PAC has no cause of action under ERISA against the bank. ERISA provides a cause of action against a trustee whose breach of fiduciary duty results in any losses to the *plan.* (29 U.S.C. § 1109(a).) Here, the bank's breach of duty resulted in a loss to the *employer,* not the plan. Thus, a holding ERISA preempts

PAC's state law claims would leave PAC without a remedy for the bank's wrongful acts. The fact ERISA did not provide an alternative cause of action allowing the plaintiff to enforce its rights was the basis for the court ruling against preemption in *Franchise Tax Bd.* v. *Laborers Vacation Trust* (463 U.S. at p. 26 [77 L.Ed.2d at p. 441]). It was also a basis for finding no preemption in *Scott* v. *Gulf Oil Corp., supra,* 754 F.2d at p. 1506; *Cornell Mfg. Co., Inc.* v. *Mushlin, supra,* 420 N.Y.S.2d at p. 236; and in *Stone* v. *Stone* (N.D.Cal. 1978) 450 F.Supp. 919, 933.

Finally, we consider the extent to which the rights PAC seeks to enforce arise under an employee benefit plan. Initially we note that, technically speaking, PAC's rights do not arise under the plan at all but under a separate trust agreement. The trust is not the plan. (See 29 U.S.C. §§ 1102, 1103.) But, assuming the trust is part of the plan for purposes of the preemption provision (see *Justice* v. *Bankers Trust Co., Inc.* (N.D.Ala. 1985) 607 F.Supp. 527, 530-531), the connection between the plan and PAC's rights in this case is too tenuous to support preemption.

Where the ERISA plan is irrelevant to the plaintiff's cause of action and no interest protected by the act is involved, the connection between ERISA and the applicable state law is too remote to invoke the preemption rule. For example, in *American Tel. & Tel. Co.* v. *Merry, supra,* the fact the husband's source of income was from an ERISA retirement pension was irrelevant to the wife's entitlement to a garnishment order to enforce a judgment for spousal support. Furthermore, the court found the state court's garnishment order did not violate ERISA's prohibition against assignment or alienation of benefits. (*Id.,* 592 F.2d at pp. 121-125.) In *Franchise Tax Bd.* v. *Laborers Vacation Trust, supra,* the fact the taxpayers' property was held by a trust established under ERISA was irrelevant to the state agency's right to levy on the property for unpaid taxes. (Rev. & Tax. Code, § 18817.) The court found "the State's right to enforce its tax levies is not of central concern to [ERISA]." (*Franchise Tax Bd., supra,* 463 U.S. at pp. 25-26 [77 L.Ed.2d at pp. 440-441].) And, in *Cornell Mfg. Co.* v. *Mushlin, supra,* the court found the ERISA plan was nothing more than the vehicle from which the defendants siphoned corporate assets. The corporation's action to recover its assets did not arise under the provisions of an ERISA plan but under state law holding corporate officials responsible for their misconduct. (*Id.,* 420 N.Y.S.2d at p. 236.)

In the case before us, it is immaterial to PAC's claims that its contract with the bank was an ERISA trust agreement. PAC claims it was damaged by the bank's breach of a contractual reporting requirement, not by the mismanagement of the trust. And, although it alleges breach of fiduciary

duty, the duty breached is the same reporting requirement.[2] These claims arise under state law, not ERISA.

PAC's claims against the bank do not affect any interest protected by the act. PAC's suit does not require the court to interpret any provisions of ERISA or to rule on the validity of any terms or conditions of the plan; nor does it affect in any way the benefits of participants or beneficiaries under the plan. Thus the interests in uniformity and supremacy of federal pension policy are not infringed by PAC's action. (See *Shaw* v. *Delta Air Lines, Inc., supra,* 463 U.S. at p. 99, fn. 20 [77 L.Ed.2d at p. 502]; *Alessi* v. *Raybestos-Manhattan, Inc., supra,* 451 U.S. at p. 523 [68 L.Ed.2d at p. 416].)

### DISPOSITION

The judgment dismissing the complaint is reversed.

Lillie, P. J., and Thompson, J., concurred.

---

[2]We express no view on the theory a trustee owes a fiduciary duty to the settler of a trust. This issue was not briefed or argued in this appeal or in the superior court.