**William B. SLIWA, individually, etc., Plaintiff,**

**v.**

**Donald S. HUNT, individually, etc., et al., Defendants.**

**No. 92 C 6215.**

United States District Court, N.D. Illinois, E.D.

Nov. 2, 1992.

Roderick J. Bergin, Chicago, Ill., for plaintiff.

William E. Holverson, Jr., Modesto, Reynolds & McDermott, Steven R. Peltin, Mary Ellen Nelligan, Altheimer & Gray, Jerry L. McDowell, James R. Denniston, Wilson, Elser, Moskovitz, Edelman & Dicker, Chicago, Ill., for defendants.

## MEMORANDUM OPINION AND ORDER

SHADUR, Senior District Judge.

After removal of this action from the Circuit Court of Cook County to this District Court by or with the consent of all defendants, plaintiff William Sliwa ("Sliwa") has moved to remand the case to the state court, a motion opposed by all the defendants. Certain of the defendants (Craig Richart and Connecticut General Life Insurance Company, collectively referred to here as "Cigna Defendants") also seek dismissal of some of Sliwa's allegations and claims on ERISA preemption grounds. With the parties' respective filings now having been completed, both motions are ripe for decision.

As chance would have it, the timing of the parties' final briefs was such that they were filed without any awareness of the most recent decision from our Court of Appeals dealing with ERISA preemption, *Tolle v. Carroll Touch, Inc.*, 977 F.2d 1129, 1135–37 (7th Cir.1992). That decision has again reconfirmed the broad sweep of ERISA § 1144(a):[1]

> Except as provided in subsection (b) of this section [an exception that is inapplicable here], the provisions of this subchapter and subchapter III of this chapter shall supersede any and all State laws insofar as they may now or hereafter relate to any employee benefit plan described in section 1003(a) of this title and not exempt under section 1003(b) of this title.

However, the scope of any potential ERISA preemption is certainly not the appropriate starting point of the analysis, which instead ought to be whether Sliwa seeks to assert any potential ERISA claims at all. In that respect there is no disputing that his Complaint deals with some issues that affect an "employee benefit plan" as defined in ERISA § 1002(3) and as described in ERISA § 1003(a)—in this instance the Elgin Clock & Home Products Retirement and Savings Plan (the "Plan"). Nor is there any disputing that in part Sliwa sues as a fiduciary (a Trustee) of the Plan, although he certainly advances some individual claims as well.

Thus the initial issue both for the remand motion and for the preemption-grounded motion is the extent to which Sliwa's claim or claims as an ERISA fiduciary qualify (or might qualify) as possibly ERISA-based. But the only way in which the memoranda from Sliwa's counsel have addressed that relevant question is by stating the bald conclusion that the lawsuit ought to be tried in the state court—and regrettably counsel for all but one of the sets of defen-

---

1. This Court has regularly opted for citations using the Title 29 section numbering rather than ERISA's internal numbering. For that reason the just-cited statute is characterized here as "ERISA § 1144(a)" rather than as "ERISA § 514(a)." That single form of citation has been employed despite this Court's recognition that whichever alternative form is chosen by an opinion writer (other than dual citation, of course), there is the possibility of confusion when anyone is seeking out or making comparisons with opinions that have employed the other usage.

dants do no better than to advance the same kind of ipse dixit assertions in the opposite direction.

Fortunately counsel for the removing defendants—Donald Hunt and Harris Trust and Savings Bank, collectively referred to here as "Harris Defendants"—have made a more analytical presentation, identifying the ERISA pigeonholes into which Sliwa's claims may fairly be characterized as fitting.[2] Here is the way that the matters appear to line up:

1. Count I, plainly brought by Sliwa as a fiduciary (in his capacity as Trustee of the Plan), charges that Cigna Defendants, who are identified as the insurance company that was the Plan manager and its agent (both of them are apparently also viewed as Plan fiduciaries), caused Plan funds to be transmitted to Harris Trust and Savings Bank, which then allegedly converted the funds to its own use and benefit. Because injunctive relief is sought against Harris Defendants to compel the return of the Plan funds, the claim reads like one brought under ERISA § 1132(a)(3)(B).

2. Count II asserts the same set of facts, then elaborates on them en route to charging that Sliwa "has been permanently damaged and stigmatized" (Count II ¶ 19) and "has been unable to obtain full-time and gainful employment in his profession as a certified public account [sic]" (id. ¶ 20). That claim, asserted only against Cigna Defendants, does not really fit either ERISA § 1132 or the other potential source of an ERISA private action, ERISA § 1109.

3. Count III, which also targets only Cigna Defendants, is labeled as "Professional Negligence/Malpractice." Even though that caption does not of course control under Tolle and NAACP, that claim too does not sound in either ERISA § 1132 or ERISA § 1109.

4. Count IV shifts the locution of Count III to a charge of "Wilful and Wanton Misconduct" against Cigna Defendants alone, in an effort by Sliwa to obtain punitive damages from them. Conceptually that claim stands on the same footing as Count III: It too is a non-ERISA claim.

5. Finally, Count V asks for a declaratory judgment against a member of the Chubb Group of Insurance Companies (a corporation presently unidentified as a specific party defendant, although it appears from other filings that Federal Insurance Company may be the proper target) for its failure to defend and indemnify Sliwa under a fiduciary liability policy.

■ In terms of Sliwa's remand motion, Count I's ERISA linkage is enough to provide federal subject matter jurisdiction. That being so, no remand is permitted under 28 U.S.C. § 1447(c), which limits remand to situations in which "it appears that the district court lacks subject matter jurisdiction." And because all of the remaining counts "are so related to claims in [Count I] that they form part of the same case or controversy under Article III of the United States Constitution" (28 U.S.C. § 1367(a)), the concept of supplemental jurisdiction permits their retention here *if* they survive dismissal.

■ On that score the question is not so easy as Cigna Defendants would have it by just crying out for ERISA preemption. They are simply wrong in saying that Sliwa's causes of action against them are advanced under ERISA. Neither *Tolle*, 977 F.2d at 1135–37 nor *Ingersoll Rand Co. v. McClendon*, 498 U.S. 133, 111 S.Ct. 478, 112 L.Ed.2d 474 (1990) (on which *Tolle* relies heavily) calls for that result, for there is nothing about the claims in Counts II through IV that hinges on the status of the trust for which Sliwa is Trustee as one

---

**2.** By coincidence *Tolle,* 977 F.2d at 1134, is one of two simultaneously-issued opinions from our Court of Appeals—the other is *NAACP v. American Family Mut. Ins. Co.,* 978 F.2d 287, 292–93 (7th Cir.1992), written by a different judge—each of which reconfirms the important point that a plaintiff's identification of legal theories to underpin the complaint is not necessary to the sufficiency of a federal cause of action. But in this case it would certainly have helped for all of the parties to essay an accurate analysis (as it would have in *Tolle* ).

that provides employee benefits (and is therefore an ERISA plan).[3]

In summary, Sliwa's motion to remand this action to the Circuit Court of Cook County is denied. Cigna Defendants' motions to dismiss and to strike any portions of the Complaint are denied, and they are ordered to answer all the previously unanswered aspects of the Complaint on or before November 13, 1992.

---

**3.** To put the matter differently, the nature of Sliwa's claims against Cigna Defendants would be much the same (1) if Sliwa were the Trustee of (say) a testamentary trust, (2) if Cigna Defendants as the asset managers for that trust had directed Sliwa to transfer the funds to a bank, which then seized the money because of other obligations owed to it by the trust grantor, and (3) if thereafter (a) the trust beneficiaries were threatening Sliwa with litigation, (b) Sliwa's reputation was severely damaged by Cigna Defendants' actions and (c) Sliwa also lost employment opportunities as a result of the asserted misconduct. To be sure, that hypothetical scenario may be strained, but it illustrates the absence of any necessary linkup between the particular nature of the trust as an employee benefit plan (which therefore implicates the ERISA statute as such) and Sliwa's Count II through Count IV claims against Cigna Defendants.