**Phyllis T. HORTON, individually and as assignee of Horton Publishing Company, Plaintiff,**

v.

**CIGNA INDIVIDUAL FINANCIAL SERVICES COMPANY, a Delaware corporation and Pension Resources, Inc., an Illinois corporation, Defendants.**

No. 92 C 5802.

United States District Court, N.D. Illinois, E.D.

June 24, 1993.

### MEMORANDUM OPINION AND ORDER

HOLDERMAN, District Judge:

Plaintiff Phyllis Horton ("plaintiff") moves to remand this case to Illinois state court pursuant to 28 U.S.C. § 1447(c). Defendants Cigna Individual Financial Services Company ("Cigna") and Pension Resources, Inc. ("PRI") move to dismiss plaintiff's complaint as preempted by the Employee Retirement Income Security Act of 1974 ("ERISA"). Plaintiff's motion to remand is granted, and defendants' motion to dismiss is denied.

### BACKGROUND

Horton Publishing (the "Company") adopted a pension plan ("Plan") for its employees in 1987. The assets of the Plan were invested in insurance contracts issued by an affiliate of Cigna. PRI was retained by the Company to provide administrative and actuarial services to the Plan. Plaintiff succeeded her husband as principal shareholder and president of the Company after his death in July 1989. Her husband had attended to all matters relating to the Plan, a task which fell to plaintiff after his death. Plaintiff alleges that, due to her inexperience in such matters, she relied heavily upon PRI and Cigna's agents. (Plaintiff's Memorandum in Support of Remand, p. 2–3.)

Plaintiff began trying to sell the Company via a stock transaction in 1990. Plaintiff alleges that defendants were aware of the sales effort, and Cigna's agent wrote a letter to plaintiff confirming that the Plan was adequately funded. (*Id.* at p. 3.) In May 1991, PRI informed plaintiff that a change in the law required an amendment to the Plan; Cigna's agent confirmed this conclusion. (*Id.*) Plaintiff authorized the changes, and Cigna's agent announced the amendment to Plan participants verbally and in writing. (*Id.*)

Plaintiff alleges that change was not legally necessary and caused the Plan, despite Cigna's representation that a surplus existed, to become underfunded. (*Id.*) The shortage was not discovered until a purchaser detected it, and refused to close the stock transaction until the underfunding was corrected. (*Id.* at 4.) Plaintiff personally paid $205,000

to remedy the deficiency; the Plan is consequently solvent, and no participant or beneficiary has been denied a benefit. (*Id.*)

Plaintiff filed suit in the Circuit Court of Cook County, maintaining that she and the Company were damaged as a result of the defendants' alleged misconduct. Plaintiff asserted claims for breach of contract, negligent misrepresentation, breach of state law fiduciary duty, and violations of the Illinois Consumer Fraud Act against both defendants. Plaintiff is seeking damages for herself, not on behalf of the Plan. Defendants removed the action to this court.

The issues raised in the supporting memoranda for the motion to remand and motion to dismiss are substantially identical.

Plaintiff maintains that defendants' motion to dismiss must be denied and plaintiff's motion to remand must be granted for several reasons:

1. there is no federal jurisdiction for plaintiff's claim (Plaintiff's Memorandum in Support of Remand, p. 4–5);

2. there is no ERISA jurisdiction, as the plaintiff is not a beneficiary or participant in an ERISA plan, plaintiff is not suing as a fiduciary in such a plan, and, because defendants are not ERISA fiduciaries, plaintiff has no standing to sue under ERISA (*Id.* at 6–7);

3. plaintiff's claim is not preempted by ERISA, as the claim does not "relate to" an ERISA plan (*Id.* at 11);

4. the case should be remanded to state court because it is purely a matter of state law and not "related to" an ERISA plan (*Id.* at 8);

5. if plaintiff's claims are deemed preempted, plaintiff would be unable to obtain redress for defendants' wrongful acts (Plaintiff's Memorandum in Opposition to Dismissal, pp. 4, 10);

6. the ruling defendants wish this court to make would immunize nonfiduciary plan advisors from any legal accountability. (*Id.*)

Defendants make several arguments that remand is inappropriate, and that plaintiff's claim should be dismissed in its entirety:

1. removal was proper as the claims arise under ERISA (Cigna's Memorandum in Opposition to Remand, pp. 3–5);

2. plaintiff's claims are preempted under ERISA as they "relate to" an ERISA plan and require resolution of ERISA issues (Cigna's Memorandum in Support of Dismissal, pp. 3–6; PRI's Memorandum in Support of Dismissal, pp. 2–4);

3. plaintiff has no valid claim under ERISA, as plaintiff lacks standing and defendants are not ERISA "fiduciaries" (Cigna's Memorandum at pp. 12–13);

4. the Supreme Court and Seventh Circuit take a broad view of preemption, and the fact plaintiff has no alternate remedy is irrelevant (Cigna's Memorandum in Opposition to Remand, p. 10).

## ANALYSIS

Plaintiff's action was originally brought in state court and removed by the defendants to this court.

A "preemption" defense cannot be the basis of the original federal jurisdiction necessary for removal. *Lister v. Stark*, 890 F.2d 941, 943 (7th Cir.), *cert. denied*, 498 U.S. 1011, 111 S.Ct. 579, 112 L.Ed.2d 584 (1990). However, the "complete preemption" exception permits the recharacterization of the plaintiff's state claim to a federal claim, thus making removal proper. *Id.* Preemption merely wipes out state law, while complete preemption provides a foundation in federal law replacing state law for removal. *Bartholet v. Reishauer A.G.*, 953 F.2d 1073, 1075 (7th Cir.1992). A case must be remanded to state court, however, if the sole basis of federal jurisdiction is a preemption defense, and the court finds preemption insufficient to confer federal question jurisdiction. *Lister*, 890 F.2d at 943 n. 1. Remand is imprudent, however, if the state law theory does not exist or is preempted. *Decatur Memorial Hospital v. Connecticut General Life Ins. Co.*, 990 F.2d 925, 927 (7th Cir.1993).

The analysis must begin with a review of the relevant portions of ERISA. ERISA has an extremely broad preemption provision:

§ 1144. Other laws

(a) Supersedure; effective date.

Except as provided in subsection (b) of this section, the provisions of this subchapter and subchapter III of this chapter shall supersede any and all State laws insofar as they may now or hereafter relate to any employee benefit plan described in section 1003(a) of this title. This section shall take effect on January 1, 1975.

29 U.S.C. § 1144(a).

Further, ERISA has a detailed civil enforcement provision:

§ 1132. Civil Enforcement

(a) Persons empowered to bring a civil action.

A civil action may be brought—

(1) by a participant or beneficiary—

(A) for the relief provided for in subsection (c) of this section, or

(B) to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan;

(2) by the Secretary, or by a participant, beneficiary or fiduciary for appropriate relief under section 1109 of this title;

(3) by a participant, beneficiary, or fiduciary (A) to enjoin any act or practice which violates any provision of this subchapter or the terms of the plan, or (B) to obtain other appropriate equitable relief (i) to redress such violations or (ii) to enforce any provisions of this subchapter or the terms of the plan;

(4) by the Secretary, or by a participant, or beneficiary for appropriate relief in the case of a violation of 1025(c) of this title;

(5) except as otherwise provided in subsection (b) of this section, by the Secretary (A) to enjoin any act or practice which violates any provision of this subchapter, or (B) to obtain other appropriate equitable relief (i) to redress such violations or (ii) to enforce any provision of this subchapter; or

(6) by the Secretary to collect any civil penalty under subsection (c)(2) or (i) or (l) of this section.

29 U.S.C. § 1132(a).

ERISA provides a remedy for breaches of fiduciary duty:

§ 1109. Liability for breach of fiduciary duty.

(a) Any person who is a fiduciary with respect to a plan who breaches any of the responsibilities, obligations, or duties imposed upon fiduciaries by this subchapter shall be personally liable to make good to such plan any losses to the plan resulting from each such breach, and to restore to such plan any profits of such fiduciary which have been made through use of assets of the plan by the fiduciary, and shall be subject to such other equitable or remedial relief as the court may deem appropriate, including removal of such fiduciary. A fiduciary may also be removed for a violation of section 1111 of this title.

(b) No fiduciary shall be liable with respect to a breach of fiduciary duty under this subchapter if such breach was committed before he became a fiduciary or after he ceased to be a fiduciary.

29 U.S.C. § 1109.

ERISA jurisdiction is vested largely, though not completely, in the federal courts:

(1) Except for actions under subsection (a)(1)(B) of this section, the district courts of the United States shall have exclusive jurisdiction of civil actions under this subchapter brought by the Secretary or by a participant, beneficiary, or fiduciary. State courts of competent jurisdiction and district courts of the United States shall have concurrent jurisdiction of actions under subsection (a)(1)(B) of this section.

(2) Where an action under this subchapter is brought in a district court of the United States, it may be brought in the district where the plan is administered, where the breach took place, or where a defendant resides or may be found, and process may be served in any other district

where a defendant resides or may be found.

29 U.S.C. § 1132(e).

The parties agree that the plaintiff has no standing to bring an action against the defendants under ERISA and does not have a cause of action under ERISA. As noted by defendant PRI, the case hangs on whether the plaintiff's claims "relate to an employee benefit plan." (PRI's Reply Memorandum in Support of Motion to Dismiss, p. 2.) If plaintiff's claims are "related to" an ERISA plan, they are preempted. If the plaintiff's state law claims are preempted, dismissal is appropriate, but if they are not, the case should be remanded.

The difficulty in evaluating this issue is that the controlling authority of the United States Supreme Court and the Seventh Circuit, emphasized by the defendants, while making extremely broad statements regarding preemption, deal with factually much different situations. Several lower court decisions, stressed by the plaintiff, which deal with factually more similar cases, take more circumspect views of preemption.

The United States Supreme Court's broadest statements regarding ERISA preemption of state law were made in *Ingersoll Rand Co. v. McClendon*, 498 U.S. 133, 111 S.Ct. 478, 112 L.Ed.2d 474 (1990). The case involved the Texas wrongful discharge law, which provided a common law right of action for employees whose employers discharged them to avoid making contributions to a pension fund. The Court stated the ERISA's preemption section used deliberately expansive language and was to be interpreted broadly. *Id.* at 136, 111 S.Ct. at 482. The Court also stated that preemption is not precluded even if the state law is *consistent* with ERISA provisions and policies. *Id.* at 138, 111 S.Ct. at 483. The focus of the Court's analysis was on whether the Texas law "related to" an employee benefit; "relate to" being defined as any connection with or reference to such a plan. *Id.* The Texas law required the plaintiff to plead both the existence of a plan and the employer's motive to avoid obligations to the plan, thus a court's ruling would be directed to the plan. *Id.* The Court concluded that the Texas law was preempted, as the

existence of a plan was a critical factor in establishing liability. *Id.* The Court disregarded the employee's argument that the plan was irrelevant and that the employer's motive was the focus of the claim; the Court concluded there would be "no cause of action if there was no plan." *Id.* at 140, 111 S.Ct. at 484.

Other Supreme Court cases have taken broad views of preemption. The Court held that a state's worker's compensation law was preempted, stating that any state law will be preempted if it refers to or is connected to a plan, even if it is not designed to affect the plan or the effect is indirect. *District of Columbia v. G.R. Wash. Bd. of Trade*, —— U.S. ——, ——, 113 S.Ct. 580, 583, 121 L.Ed.2d 513 (1992). Similarly, in *Pilot Life Ins. Co. v. Dedeaux*, 481 U.S. 41, 47, 107 S.Ct. 1549, 1553, 95 L.Ed.2d 39 (1987), the Court held that a state law breach of contract and tort action by an employee against an insurance company alleging the improper processing of benefits was preempted. The Court emphasized that ERISA's preemption provision is to be applied in a broad and common sense manner. *Id.*

The Supreme Court has *not* indicated that all state law actions are preempted under ERISA. Some state actions may effect employee benefit plans in "too tenuous, remote, or peripheral" a manner to warrant a finding the law "relates to" the plan. *District of Columbia*, —— U.S. at —— n. 1, 113 S.Ct. at 583 n. 1; *Shaw v. Delta Airlines, Inc.*, 463 U.S. 85, 100 n. 21, 103 S.Ct. 2890, 2901 n. 21, 77 L.Ed.2d 490 (1983). The Court found that the application of Georgia state garnishment procedures by an ERISA participant's creditors was not preempted. *Mackey v. Lanier Collection Agency & Service*, 486 U.S. 825, 831, 108 S.Ct. 2182, 2186, 100 L.Ed.2d 836 (1988). The Court emphasized the general application of the law; the garnishment procedure was not specifically directed to ERISA plans, but to any collection matter. *Id.* at 830–831, 108 S.Ct. at 2185–2186. This was in contrast to a special Georgia statute which *exempted* ERISA benefits from garnishment procedures, which the Court held to be preempted. *Id.* The Court further stated the certain generally applicable "com-

mon place" actions against ERISA plans are not preempted, notably actions for unpaid rent, failure to pay creditors, and torts. *Id.* at 832, 108 S.Ct. at 2187. None of the Supreme Court cases are on all fours factually with this case.

The Seventh Circuit, like the Supreme Court, has used very broad language regarding preemption, while indicating preemption is not limitless under ERISA. The Seventh Circuit held that a plan participant's fraud and breach of oral contract claims against a plan sponsor in seeking uninterrupted service credits in calculating pension benefits was preempted. *Lister v. Stark,* 890 F.2d 941, 944 (7th Cir.), *cert. denied,* 498 U.S. 1011, 111 S.Ct. 579, 112 L.Ed.2d 584 (1990). The Court further held that the availability of an alternate federal remedy is not a prerequisite to finding a state action preempted. *Id.* at 946.

The Seventh Circuit broadly stated the preemption rules in *Bartholet v. Reishauer A.G.,* 953 F.2d 1073 (7th Cir.1992). "Congress has blotted out (almost) all state law on the subject of pensions, so a complaint about pensions rests on federal law no matter what label its author attaches." *Id.* at 1075. "A suit about pensions is federal litigation at the defendant's option." *Id.* In *Bartholet,* the plaintiff brought a breach of contract action based upon an employer's promise that a certain type of plan would be created. *Id.* The Seventh Circuit concluded that the dispute was based on ERISA, even if consideration of technical ERISA requirements and adjustment of plan assets were unnecessary. *Id.* at 1076.[1]

The Seventh Circuit has indicated ERISA preemption does have limits. In *Pohl v. National Benefits Consultants, Inc.,* 956 F.2d 126, 128 (7th Cir.1992), the court held that an employee's claim against a plan administrator for state law misrepresentation was preempted. The court stated that, while plaintiffs classified their remedy as "damages for being misled," the claim was really the functional equivalent of a claim for benefits under the plan. *Id.* The court stated that ERISA preempts any "effort to use state law to obtain benefits." *Id.* at 127. The court, however, noted that while ERISA preemption is broad, it is not so broad that "related to" must be taken literally. *Id.* at 128. The example given by the Seventh Circuit of a "related matter" which would clearly not be preempted was if a plan participant walked into the office of the plan administrator and slipped on a banana peel and sued the administrator for negligence. *Id.*[2]

The preemption issue at bar is difficult because none of the cases which the Seventh Circuit has addressed are factually similar to this case. Most prior Seventh Circuit cases have dealt with claims for benefits or the equivalent of benefits.

The Seventh Circuit case upon which the plaintiffs rely is *Pappas v. Buck Consultants, Inc.,* 923 F.2d 531 (7th Cir.1991). While, as noted by the defendants, *Pappas* did not address preemption issues, the Seventh Circuit made a significant comment in dicta.[3] The *Pappas* court disallowed an ERISA action against plan administrators who misrepresented the financial soundness of a plan in filings with regulators. *Id.* at 540. In re-

---

1. The Seventh Circuit also found a state law action for breach of contract and wrongful discharge was preempted by ERISA in *Tolle v. Carrol Touch, Inc.,* 977 F.2d 1129 (7th Cir.1992). The Court stated that the action by the former employee against the former employer *for ERISA benefits* was based on the specific provisions of the plan. *Id.* at 1137.

2. In addition, the most recent Seventh Circuit case, *Decatur Memorial Hospital v. Connecticut General Life Insurance Co.,* 990 F.2d 925 (7th Cir.1993), also indirectly indicated potential limits to preemption. The Seventh Circuit declined to address the issue of whether a hospital's action against an insurance carrier for negligent misrepresentation was preempted under ERISA;

the Seventh Circuit choose to invalidate the claim on state law grounds. *Id.* at 927.

3. In *Pappas,* the district court dismissed, without prejudice, pendent state law professional malpractice claims for lack of subject matter jurisdiction. The Seventh Circuit did not comment on the dismissal or discuss preemption issues. Plaintiff asserts the Seventh Circuit has indicated that such state law malpractice claims are to be tried in state court. (Plaintiff's Memorandum in Opposition to Dismissal, p. 4–5.) Defendants note that jurisdictional issues, "lurking in the record," that are not explicitly addressed do not bind the court in later cases. (Cigna's Memorandum in Reply in Support of Motion to Dismiss, p. 6–8.)

sponse to the question of how ERISA beneficiaries could possibly protect themselves from administrator malpractice, the court stated that "the interest ERISA beneficiaries have in competent plan consultants is already vindicated by the availability of state-law malpractice suits." *Id.* It seems unlikely the Seventh Circuit would suggest a remedy that does not exist.

At the district court level, the cases are conflicting. Judge Kocoras, in *Ampere Automotive Corp. v. Employee Benefit Plans, Inc.,* 1992 WL 220912, p. 1–2 (N.D.Ill. Sept. 1, 1992), found that a state law action by an employer against plan agents for damages for manipulation of the plan's assets was preempted, despite the fact the employer had reimbursed the plan and was seeking damages for itself. Judge Kocoras noted that the action "related to" an ERISA plan, because all the wrongful conduct stemmed from the defendants' alleged fraudulent processing of claims. *Id.* While granting the employer leave to amend his complaint to make an ERISA claim, Judge Kocoras noted that just about all state law actions involving pension plans were preempted. *Id.* at 3.

Judge Shadur has taken a more restrictive view of preemption in two recent cases.[4] *Sliwa v. Hunt,* 806 F.Supp. 796 (N.D.Ill.1992); *Klank v. Sears, Roebuck & Co.,* 735 F.Supp. 260 (N.D.Ill.1990). In *Sliwa,* Judge Shadur held that a plan trustee's action against a plan manager and their agents for state law professional malpractice/negligence, professional "stigma", and willful and wanton misconduct was not preempted. 806 F.Supp. at 798–799. Judge Shadur stated that the initial question a court must ask is whether the plaintiff seeks to assert any potential ERISA claims. *Id.* at 797. If not, the court must address whether the claims "relate to" a plan. Judge Shadur concluded that there was "no link" between the injury to the trustee and the *nature* of the trust, thus the claims were not "related to" an ERISA plan. *Id.* at 799 n. 3. In essence, if the claim would be the same if the trust was not an ERISA plan, the claim was not "related to" an ERISA plan.

In *Klank,* Judge Shadur held that an employee's action against a former employer for fraud, breach of confidence, and negligent misrepresentation in connection with the employer's failure to disclose a special severance package, which resulted in the employee missing out on extra benefits, was not preempted. 735 F.Supp. at 264. In granting a remand, Judge Shadur noted that the employee was not suing as a beneficiary or participant, and was not within the scope of Section 1132(a)(1)(B). *Id.* at 263. Judge Shadur based his holding on *Pizlo v. Bethlehem Steel Corp.,* 884 F.2d 116 (4th Cir.1989). *Id.* at 263–264.

In *Pizlo,* the Fourth Circuit found that an employee's claims for breach of contract, promissory estoppel, and negligent misrepresentation against an employer, based on the employer's failure to employ the employees until age 62 as the employer had promised, were not preempted, despite the fact the damages would be measured by lost benefits. 884 F.2d at 120. The Fourth Circuit stated that the claim did not "relate to" the plan, because there was no possibility of conflicting employer obligations, there was no determination of whether actual plan benefits would be paid, and there was no impact on the administration of the plan. *Id.* The *Pizlo* court concluded that the issue was not eligibility for benefits, but wrongful termination, for which the employer, not the plan, would be liable. *Id.*

Judge Shadur reached a similar conclusion in *Klank,* finding the claims were not preempted because there would be no conflicting employer obligations, no variable standard of recovery, no determination of whether benefits will be paid under the plan, and no impact on the administration of or liability to the plan. 735 F.Supp. at 264. That the measure of damages would be based on benefits that *would have been* due under the plan was deemed irrelevant. *Id.*

The reasoning in *Pizlo* and *Klank* matches quite closely with the reasoning of *Pacific Airmotive v. First Interstate Bank,* 178 Cal. App.3d 1130, 224 Cal.Rptr. 233 (1986), a case

---

4. See also, *Pane v. Dandan,* 763 F.Supp. 281 (N.D.Ill.1991) (J. Lindberg), claim by individual

against insurance agent for misrepresentation of coverage under a plan was not preempted.

which plaintiff stresses. In *Pacific Airmotive*, under nearly identical facts (including reimbursement by the employer to the plan), the court held that breach of fiduciary duty and breach of contract claims in relation to a trustee's inaccurate report of plan assets were not preempted. 224 Cal.Rptr. at 237–238. The court stated that, because the loss was to the employer and not the plan, there was no action under ERISA. *Id.* at 238. In evaluating whether a given action was preempted under ERISA, the court offered a four part test: 1) whether the claim was a traditional state law area; 2) the extent to which the claim impinges upon the terms and conditions of the plan; 3) the extent the relief sought is incompatible with ERISA; 4) the extent to which the rights plaintiff asserts arise under the plan. *Id.* at 237. The court concluded that because the plan would be completely unaffected by the outcome, and the action itself was no different than any other action for misrepresentation in any other context, the claims were too remote from the plan to be preempted. *Id.* at 238.

■ This court concludes that the plaintiff's claims are not preempted and should be remanded to state court for resolution. Plaintiff is asserting no claims under ERISA, and all parties concede plaintiff has no standing to do so. Plaintiff has brought this action in her own behalf, not on behalf of the Plan, and any damages received will go to the plaintiff and not the Plan. The outcome of the law suit would not effect the Plan, as the Plan would not be liable for any damages and could not have its administration in anyway burdened by any possible outcome.[5] The plaintiff will clearly not be subject to any conflicting obligations, and there will be no determination of whether any benefits are

due to any party. Further, the plaintiff's claims, which amount to professional malpractice, are claims that are traditionally covered by state law. The nature of the plaintiff's claims are not different than they would be if based on poor professional advice given in any other business context. See, *Sliwa*, 806 F.Supp. at 798–799 n. 3 (no link between injury to trustee and nature of the trust); *Pacific Airmotive*, 224 Cal.Rptr. at 238 (plaintiff's action for misrepresentation regarding plan funding no different than any other action for misrepresentation). Redressing professional malpractice claims in no way conflicts with the provisions and policies of ERISA.

■ Defendants argue that remand is not appropriate because the state court would have to evaluate several issues under ERISA, including whether defendants incorrectly advised plaintiff about the required amendment, whether the amendment to the plan was effective, and whether the amendment caused the underfunding. (PRI's Memorandum in Opposition to Remand, p. 3–5.) The fact a state court might have to address some issues under ERISA does not make remand inappropriate. ERISA specifically provides concurrent jurisdiction to both federal and state courts for certain ERISA claims. 29 U.S.C. § 1132(e). Concurrent jurisdiction indicates that Congress did not believe ERISA issues were *per se* beyond the capability of state courts.[6]

This court's holding is in conformity with Supreme Court and Seventh Circuit precedent. While the Seventh Circuit has made broad statements regarding preemption, it has indicated a nonfiduciary plan advisor's malpractice may be best addressed in state court. *Pappas*, 923 F.2d at 540. The Sev-

---

5. While it is not entirely clear from the record, in light of the sale of the Company, there may not be any ongoing relationship between the plaintiff and the Plan.

6. The district court in *Mertens v. Hewitt Associates*, 829 F.Supp. 1158 (N.D.Cal.1992) held, in finding a former employee's action against a plan actuary for malpractice was not preempted, that the fact a state court would be required to interpret some ERISA issues was of no consequence. Further, the *Mertens* court suggested a framework for resolving potentially difficult preemption issues. The court should first evaluate whether the claim involves relations among the principal ERISA entities—the employer, the plan, the plan fiduciaries, and the beneficiaries. *Id.* If the claim involves a dispute between two of these entities, the claim is likely preempted; if the claim involves a dispute between one of these parties and an outside entity, the claim is likely not preempted. *Id.* In this case, the dispute arises between an ERISA employer (plaintiff) and two plan advisors (defendants), who, by their own admissions, are *not* plan fiduciaries.

enth Circuit has also cautioned that the "related to" provision must not be taken literally. *Pohl*, 956 F.2d at 128 ("banana peel" example). Similarly, while the Supreme Court has made broad statements regarding preemption, these statements have to be read in the context of their cases as a whole. The Supreme Court stated in *Ingersoll–Rand Co.* that preemption is warranted whenever the existence of a plan is a critical factor in establishing liability or when there would be no cause of action if there was no plan. 498 U.S. at 138–139, 111 S.Ct. at 483–484. The Court, however, has also stated that preemption does not occur if the state law action has only a "tenuous, remote, or peripheral" connection to the plan. *District of Columbia*, —— U.S. at ——, 113 S.Ct. at 583 n. 1. Further, the Court has held that such garden variety actions as suits for unpaid rent, failure to pay creditors, and torts may be brought against ERISA plans. *Mackey*, 486 U.S. at 832, 108 S.Ct. at 2187. Any of these actions would clearly not exist but for the existence of a plan, ala *Ingersoll*, yet they are not preempted.

## CONCLUSION

For the reasons stated above, the plaintiff's motion to remand is GRANTED, and the defendants' motions to dismiss are DENIED.