SCHWARTZ, Chief Judge.
Dr. Blum, a shareholder in the qualified pension plan of his P.A., sued his attorneys and the entity hired to handle the dissolution of the plan for alleged misadvise concerning the requirement that, to qualify for a valuable federal income tax benefit, funds distributed from a terminated plan be “rolled over” into another investment within one calendar year. 26 U.S.C.A. § 408(d)(3)(B) (West Supp.1995). The trial judge entered summary judgment for the defendants on the ground that these Florida common law claims for professional malpractice were precluded by the preemption clause of the Employee Retirement Income Security Act of 1974 (ERISA), section 514(a), 29 U.S.C.A. *165 § 1144(a) (West Supp.1995).[1] Like every pertinent authority on the question, we hold that this result was incorrect.
The cases concerning the scope of the ERISA preemption clause have been many and varied. The attempts to create general rules on the basis of specific fact patterns have been almost as numerous — and few entirely escape the common vice of such undertakings: while they account for the particular case, their generality usually results in including other, necessarily unconsidered fact situations when they should be excluded, and vice versa. E.g., Ingersoll-Rand Co. v. McClendon, 498 U.S. 133, 140, 111 S.Ct. 478, 483-84, 112 L.Ed.2d 474, 485 (1990)[2]; Memorial Hosp. Sys. v. Northbrook Life Ins. Co., 904 F.2d 236, 245 (5th Cir.1990)[3]; Martori Bros. Distribs. v. James-Massengale, 781 F.2d 1349, 1356-57 (9th Cir.), amended, 791 F.2d 799 (9th Cir.), cert. denied, 479 U.S. 949, 107 S.Ct. 435, 93 L.Ed.2d 385, and cert. denied, 479 U.S. 1018, 107 S.Ct. 670, 93 L.Ed.2d 722 (1986).[4] There is no purpose in our again attempting the unobtainable formulation of a doctrine which will cover all situations. We have no doubt, however, that this case, in which the only issue is whether entities which are not themselves regulated by the act[5] have given appropriate post-dissolution professional advice as to the proper method of distributing assets which happened to have once been part of a regulated pension fund, impacts upon none of the concerns for uniformity and consistency in the administration of ERISA plans which underlay the Congressional purpose in requiring preemption. Forbus v. Sears Roebuck & Co., 30 F.3d 1402 (11th Cir.1994) (claim by employees for fraudulent inducement after being advised that they had no choice but to voluntarily retire or lose benefits not preempted by ERISA), cert. denied, — U.S. —, 115 S.Ct. 906, 130 L.Ed.2d 788 (1995); Padeh v. Zagoria, 900 F.Supp. 442 (S.D.Fla.1995) (claims against one of the present defendants for negligent pension investment advice resulting in unnecessary tax liability not preempted by ERISA); Lott v. Metropolitan Life Ins. Co., 849 F.Supp. 1451 (M.D.Ala.1993) (employees’ fraudulent inducement claims against insurance company for misrepresenting requirements for tax savings not preempted by ERISA); Horton v. Cigna Individual Fin. Servs. Co., 825 F.Supp. 852 (N.D.Ill.1993) (claims for negligent misrepresentation, fraud, and breach of contract against plan administrator by principal corporate shareholder forced to personally correct plan’s underfunding not preempted); Barrett v. Hay, 893 P.2d 1372 (Colo.App.1995) (professional negligence and negli *166 gent misrepresentation claims arising out of tax liability incurred by rollover of IRA funds into pension plan not preempted by ERISA); Shofer v. Stuart Hack Co., 324 Md. 92, 595 A.2d 1078 (1991) (malpractice suit against pension plan consultants for negligent tax advice after corporate president incurred tax liability for borrowing money from pension plan not preempted by ERISA), cert. denied, 502 U.S. 1096, 112 S.Ct. 1174, 117 L.Ed.2d 419 (1992). See generally, Ingersoll-Rand, 498 U.S. at 140, 111 S.Ct. at 483 (“claim that ... employer wrongfully terminated plaintiff primarily because of ... employer’s desire to avoid contributing to, or paying benefits under, the employee’s pension fund — ‘relate[s] to’ an ERISA — covered plan within the meaning of § 514(a)”); Memorial Hosp., 904 F.2d at 238 (hospital’s suit against insurance company for negligently verifying employee’s insurance coverage not preempted by ERISA); Marto-ri Bros., 781 F.2d at 1351-1352 (California Agricultural Labor Relations Board “make-whole” order awarding employees wages and fringe benefits not preempted by ERISA).
Our decision is reinforced by the admitted fact that, because ERISA itself provides no remedy against the defendants, affirmance would result in immunizing them from all liability for tortious conduct which has caused unquestioned damage to the plaintiff. Such a result is to be avoided in the absence of a clear legal directive to the contrary which is not remotely presented here. See Lordmann Enters, v. Equicor, Inc., 32 F.3d 1529 (11th Cir.1994) (suit by medical provider against insurance company for negligent misrepresentation of insured’s coverage not preempted by ERISA), cert. denied, — U.S. —, 116 S.Ct. 335, 133 L.Ed.2d 234 (1995); Wiesenberg v. Paul Revere Life Ins. Co., 887 F.Supp. 1529 (S.D.Fla.1995) (employee’s claims for fraudulent/negligent misrepresentation that disability policy provided coverage for pre-existing conditions not preempted by ERISA); Barnet v. Wainman, 830 F.Supp. 610 (S.D.Fla.1993) (insured’s suit against insurance agent for fraudulent/negligent advice to omit pre-existing conditions from health insurance application not preempted by ERISA).
For these reasons, the summary judgment on preemption grounds is reversed and the cause is remanded for appropriate consideration and determination of the merits of the cause.[6]
Reversed and remanded.

. The provision states:
Except as provided in subsection (b) of this section, the provisions of this subchapter and subchapter III of this chapter shall supersede any and all State laws insofar as they may now or hereafter relate to any employee benefit plan....
29 U.S.C.A. § 1144(a) (West Supp.1995).
"State law” is defined in § 1144(c) as including "all laws, decisions, rules, regulations, or other State action having the effect of law, of any State.”

. McClendon argues that the pension plan is irrelevant to the Texas cause of action because all that is at issue is the employer’s improper motive to avoid its pension obligations. The argument misses the point, which is that under the Texas court’s analysis there simply is no cause of action if there is no plan.
Ingersoll-Rand, 498 U.S. at 140, 111 S.Ct. at 483-84.

. [Cases] which have found preemption of a plaintiff’s state law causes of action, have at least two unifying characteristics: (1) the state law claims address areas of exclusive federal concem, such as the right to receive benefits under the terms of an ERISA plan; and (2) the claims directly affect the relationship among the traditional ERISA entities — the employer, the plan and its fiduciaries, and the participants and beneficiaries, (footnotes omitted)
Memorial Hosp., 904 F.2d at 245.

. The state laws that have been found to be preempted by section 514(a) because they 'relate' to ERISA plans fall into four categories. First, laws that regulate the type of benefits or terms of ERISA plans. Second, laws that create reporting, disclosure, funding or vesting requirements for ERISA plans. Third, laws that provide rules for the calculation of the amount of benefits to be paid under ERISA plans. Fourth, laws and common law rules that provide remedies for misconduct growing out of the administration of the ERISA plan, (footnotes omitted)
Martori, 781 F.2d at 1356-57.

. Neither of the defendants is one of the so called "traditional ERISA entities — the employer, the plan and its fiduciaries, and the participants and *166 beneficiaries.” Memorial Hosp., 904 F.2d at 245.

. About which we express no opinion.