William J. MERTENS, et al., Plaintiffs,

v.

**KAISER STEEL RETIREMENT PLAN, et al., Defendants.**

William J. MERTENS, et al., Plaintiffs,

v.

**HEWITT ASSOCIATES, an Illinois Partnership, et al., Defendants.**

Nos. C–88–3587–MHP, C–89–4475–MHP.

United States District Court,
N.D. California.

July 7, 1992.

See also 744 F.Supp. 917.

Alfred H. Sigman, Jeffrey Lewis, Sigman & Lewis, Andrew T. Sinclair, Oakland, CA, for plaintiffs.

Julia A. Molander, Robert J. Stumpf, Jr., Gregory S. Madsen, Bronson Bronson & McKinnon, San Francisco, CA, Jeffrey J. Leech, Tucker Arensberg, P.C., Pittsburgh, PA, for defendants.

### MEMORANDUM AND ORDER

PATEL, District Judge.

Plaintiffs, former employees of Kaiser Steel Corporation ("Kaiser Steel") and participants in its ERISA qualified pension plan filed this action against defendant Hewitt Associates ("Hewitt") on December 18, 1989, alleging Hewitt's failure to comply with its "professional obligations" under both ERISA and California common law. On August 9, 1990, this court granted Hewitt's motion to dismiss plaintiffs' complaint in its entirety. On appeal, the Ninth Circuit reversed the dismissal of plaintiffs' state law professional negligence claim. On March 26, 1992, Hewitt filed its answer to plaintiffs' state law claim, pleading preemption by Section 514(a) of ERISA, 29 U.S.C. § 1144(a), as an additional defense. Hewitt is now before the court on its motion for summary judgment on the ERISA preemption issue. Plaintiffs oppose Hewitt's motion on the grounds that ERISA does not preempt a state law professional malpractice action.[1] Having considered the submissions of the parties, and for the following reasons, the court holds that ERISA does not preempt Hewitt's state law claim. Accordingly, the court DENIES Hewitt's motion for summary judgment. Because the court finds that there is no ERISA preemption, it need not reach the issue of whether Hewitt has waived its preemption defense. The court chooses to retain jurisdiction over Hewitt's state law claim under the pendent jurisdiction doctrine of *United Mine Workers v. Gibbs,* 383 U.S. 715, 86 S.Ct. 1130, 16 L.Ed.2d 218 (1966), and its progeny.[2]

### BACKGROUND

For the purposes of this motion, the parties have stipulated to the allegations of plaintiffs' Complaint against Hewitt. Letter of May 14, 1992 from Karen B. Ksander to Alfred H. Sigman, attached as Appendix A to Plaintiffs' Opposition to Hewitt's ERISA Preemption Motion.[3] Accordingly, the background facts for this motion are taken from plaintiffs' Complaint. From 1978 to 1986, Kaiser Steel Retirement Plan ("Plan") retained Hewitt to perform various actuarial services. Complaint ¶ 9. Commencing in 1980, Kaiser Steel began a corporate restructuring which virtually eliminated its steelmaking operations. *Id.* ¶ 10. One of the effects of the restructuring was a substantial increase in the number of Plan participants who retired; these participants had an entitlement to unreduced early retirement benefits under the Plan. *Id.* ¶ 11.

The sharp increase in early retirements resulted in material increases in the Plan's funding costs. These increases were not reflected in the actuarial assumptions developed by Hewitt for the Plan. *Id.* ¶ 12. Hewitt failed to change its actuarial assumptions to reflect the increases in the Plan's funding costs. *Id.* ¶ 13. Had Hewitt employed proper actuarial assumptions, Kaiser Steel would have been obligated to make substantially

---

1. On April 27, 1992, the Pension Benefit Guaranty Corporation ("PBGC") filed a complaint in this case. PBGC's claim is derivative of the claims filed by plaintiffs, and PBGC joins in the plaintiffs' response to the motion.

2. In 1990, Congress codified the related doctrines of pendent jurisdiction and ancillary jurisdiction. These doctrines were given the name "supplemental jurisdiction." 28 U.S.C.A. § 1367. However, the new statute is applicable only to civil actions commenced on or after December 1, 1990. Judicial Improvements Act of 1990, Act of Dec. 1, 1990, Pub.L. 101–650, Title III, Section 310(c). This action was commenced prior to December 1, 1990.

3. Plaintiffs argue that since Hewitt has stipulated to the facts of the Complaint, the court should treat their motion for summary judgment as a motion for judgment on the pleadings under F.R.C.P. 12(c). The significance of the distinction made by plaintiffs is not clear to this court.

higher annual contributions in order to fund the Plan properly. *Id.* ¶ 14.

As a consequence of Hewitt's acts and omissions, the Plan's assets became insufficient to satisfy its benefit commitments, including its commitments to pay plaintiffs and members of their class their fully vested pensions. *Id.* ¶ 18. In October, 1986, the Pension Benefit Guaranty Corporation ("PBGC") determined that the Plan was severely underfunded. *Id.* ¶ 19. The PBGC terminated the Plan under the distress termination procedures of ERISA, 29 U.S.C. § 1341, and began paying plaintiffs' benefits. *Id.* ¶ 20.

Plaintiffs' complaint further alleges that Hewitt performed actuarial work for Kaiser Steel at the same time as it performed services for the Plan. Hewitt disclosed neither the fact of this work for Kaiser Steel nor the potential conflicts it raised. *Id.* ¶¶ 15, 16.

On March 7, 1990, Hewitt moved to dismiss plaintiffs' complaint under Fed.R.Civ.P. 12(b)(6), arguing that plaintiffs had failed to state a cognizable cause of action under ERISA and that the applicable statute of limitations barred plaintiffs' state malpractice claim. This court granted Hewitt's motion. Holding that Hewitt was not a fiduciary under ERISA, the Ninth Circuit affirmed the dismissal of plaintiffs' ERISA claims alleging breach of fiduciary duty and participation in breach of fiduciary duty. The Ninth Circuit also dismissed plaintiff's claim for non-fiduciary ERISA violations, brought under 29 U.S.C. § 1132(a)(3). The court reasoned that the equitable relief which could be recovered under this section was not applicable since no unjust enrichment had been alleged. *Mertens, et al. v. Hewitt Associates,* 948 F.2d 607, 610–612 (9th Cir.1991).

The appeals court reversed this court's dismissal of plaintiffs' pendent state professional malpractice claim. *Id.* at 612–613. Citing *United Mine Workers of America v. Gibbs,* 383 U.S. 715, 86 S.Ct. 1130, 16 L.Ed.2d 218 (1966), the Ninth Circuit stated that this court had discretion to allow plaintiffs to pursue their pendent claim or to dismiss it. *Mertens, et al.,* 948 F.2d at 614. On remand, Hewitt filed an answer to plaintiffs' complaint, alleging the affirmative de-

fense of preemption. Hewitt now moves for summary judgment on the ground that plaintiffs' state law claim is preempted by Section 514(a) of ERISA, 29 U.S.C. § 1144(a). Plaintiffs counter that the claim is not preempted. Alternatively, they argue that Hewitt has waived the preemption defense.

## LEGAL STANDARD

Under Federal Rule of Civil Procedure 56, summary judgment shall be granted "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial … since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." *Celotex Corp. v. Catrett,* 477 U.S. 317, 322, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986). *See also T.W. Elec. Serv. v. Pacific Elec. Contractors Ass'n,* 809 F.2d 626, 630 (9th Cir.1987) (the nonmoving party may not rely on the pleadings but must present specific facts creating a genuine issue of material fact); *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 250, 106 S.Ct. 2505, 2511, 91 L.Ed.2d 202 (1986) (a dispute about a material fact is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party.").

The court's function, however, is not to make credibility determinations. *Anderson,* 477 U.S. at 250, 106 S.Ct. at 2511. The inferences to be drawn from the facts must be viewed in a light most favorable to the party opposing the motion. *T.W. Elec. Serv.,* 809 F.2d at 631.

## DISCUSSION

### I. *Preemption*

■ Section 514(a) of ERISA broadly preempts state law which "relate to" employee benefit plans. State law includes "all laws, decisions, rules, regulations or other State action having the effect of law." 29 U.S.C. § 1144(c)(1). The Supreme Court has held that, for ERISA preemption purposes, state law includes both statutory law and common law. *Pilot Life Ins. Co. v. Dedeaux,* 481 U.S. 41, 47–48, 107 S.Ct. 1549, 1552–53, 95 L.Ed.2d 39 (1987).

A law "relates to" an employee benefit plan, in the normal sense of the phrase, if it has a connection with or reference to such a plan. *Shaw v. Delta Air Lines, Inc.*, 463 U.S. 85, 96–97, 103 S.Ct. 2890, 2899–2900, 77 L.Ed.2d 490 (1983). The state law at issue need not explicitly refer to employee benefit plans in order to be preempted; it also need not be specifically designed to affect benefit plans. *Pilot Life*, 481 U.S. at 47–48, 107 S.Ct. at 1552–53. State law claims which arise from the administration of the plan directly or indirectly are preempted. *Gibson v. Prudential Ins. Co. of America*, 915 F.2d 414, 416 (9th Cir.1990). In addition, ERISA preemption is not limited to state law claims which seek pension benefits. *Ingersoll–Rand Co. v. McClendon*, 498 U.S. 133, 144, 111 S.Ct. 478, 486, 112 L.Ed.2d 474 (1990).

### A. *Hewitt's Status as a Nonfiduciary*

ERISA preemption generally arises in the context of suits against ERISA fiduciaries. In deciding the appeal in this case, the Ninth Circuit explicitly held that Hewitt was not a fiduciary. *Mertens*, 948 F.2d at 610–11. The Ninth Circuit reasoned that Hewitt had only provided services as an independent actuary; there was no indication that it had exercised any control or authority over plan assets. The court noted that it was well settled that a professional service provider that exercised no decision-making or management control was not a fiduciary. *Id.* at 610 (citing *Yeseta v. Baima*, 837 F.2d 380, 384–85 (9th Cir.1988); *Nieto v. Ecker*, 845 F.2d 868, 870 (9th Cir.1988)).

Plaintiffs assert that ERISA preemption does not apply to suits against nonfiduciaries. They also argue that suits against third parties not centrally involved with the administration of ERISA plans cannot "relate to" such plans. Plaintiffs offer two Ninth Circuit cases in support of this proposition, *Southern California Meat Cutters Pension Fund v. Investors Research Co.*, 687 F.Supp. 506 (C.D.Cal.1988), and *Leishman v. Professional Retirement Services, Inc.*, et al. (N.D.Cal. No. C–89–1708–DLJ), attached as Appendix B to Plaintiffs' Opposition. However, in *Gibson*, a case decided after both *Southern California Meat Cutters* and *Leishman*, the Ninth Circuit indicated that ERISA could preempt state law suits against nonfiduciaries. It noted that "section 502(a)(3) of ERISA allows equitable relief against both fiduciaries and nonfiduciaries ... [t]he existence of some remedy for misconduct by nonfiduciaries suggests that Congress intended to include their behavior under ERISA." *Gibson*, 915 F.2d at 417 (citation omitted).

Thus, the fact that Hewitt is not a fiduciary does not, in itself, make ERISA preemption inapplicable. However, the relation of the nonfiduciary to the ERISA plan in *Gibson* was more direct than is Hewitt's relation to the plan in this case. The *Gibson* court emphasized that the claim against the defendant, Prudential Insurance, was "directly connected" with the handling and disposition of the plaintiff's claim for disability benefits. 915 F.2d at 417. Prudential was the administrator which handled the initial review and investigation of claims, the initial determination of eligibility for benefits, and the calculation and payment of benefits. *Id.* at 415. *Gibson* also noted that the plaintiff could seek equitable remedies under ERISA. As discussed further below, that option is not available here.

### B. *Relation to Benefit Plan*

ERISA preemption can only arise if the state law claim relates to the administration of the ERISA plan. Hewitt argues that the malpractice claim is related to administration of the plan since the malpractice alleged—the use of faulty actuarial assumptions and procedures for determining minimum funding for the plan—is specifically proscribed by various sections of ERISA. Indeed, the malpractice claim in plaintiffs' complaint refers to Hewitt's violation of three specific ERISA sections. *See* Complaint ¶ 28. These sections require that the actuary determine the ERISA plan's costs and liabilities on the basis of reasonable actuarial assumptions, 29 U.S.C. § 1082(c)(3); that the actuary file annual reports stating opinions on ERISA plan funding which are based on reasonable experience and expectations, 29 U.S.C. § 1023(a)(4)(B); and that the actuary

file statements which affirm the completeness and accuracy of the annual reports and disclose all material facts regarding the actuarial position of the plan, 29 U.S.C. § 1023.

Plaintiffs' allegations that Hewitt violated performance standards promulgated by the Joint Board for the Enrollment of Actuaries ("JBEA") overlap with their allegations of ERISA violations. *See* Complaint ¶ 30. In addition, the claim for professional negligence specifically refers to the fact that Hewitt held itself out as a qualified actuary for ERISA-regulated plans, *id.* ¶ 42, and that Hewitt's agreement with the Plan required it "to perform all actuarial work on behalf of the Plan mandated by ERISA and regulations promulgated thereunder," *id.* ¶ 43.

■ The professional malpractice common law invoked by plaintiffs overlaps with ERISA regulation and requires interpretation of such regulation. However, the fact that professional malpractice claims require some interpretation of ERISA law does not mean that these claims are preempted by ERISA. The Ninth Circuit opinion in this case did not suggest that the state malpractice claims were preempted. Rather, the Ninth Circuit stated that this court could retain jurisdiction over the pendent professional malpractice claim or dismiss it without prejudice. *Mertens, et al.,* 948 F.2d at 614.

In addition, other circuits have held that malpractice claims do not relate to the benefit plan for the purposes of ERISA preemption. In *Memorial Hospital System v. Northbrook Life Insurance Co.,* 904 F.2d 236 (5th Cir.1990), the court found that a third party health care provider's state insurance law claims against an employee welfare benefit plan were not preempted by ERISA. The court emphasized that one important factor for a court to consider in deciding whether a state law claim was preempted was whether the claim affected relations among the *principal* ERISA entities—the employer, the plan, the plan fiduciaries, and the beneficiaries—or whether it only affected relations between one of these entities and an outside party. *Id.* at 249. In this case, Hewitt is an outside party, even if its role is somewhat prescribed by ERISA regulations.

Similarly, in *Isaacs v. Group Health Inc.,* 668 F.Supp. 306 (S.D.N.Y.1987), the court rejected ERISA preemption of breach of contract and negligence claims asserted against an actuary. The court noted that there were no cases holding "that where a federal statute requires various professional services to be performed, all acts of misfeasance or nonfeasance by professionals must be governed by a federal common law standard." *Id.* at 313. The *Isaacs* court noted a variety of state cases in which state claims had been asserted against defendant providers of professional services.

Serious federalism problems might also be raised by ERISA preemption of this whole area. In *Painters of Philadelphia Dist. Council No. 21 Welfare Fund v. Price Waterhouse,* 879 F.2d 1146, 1153 n. 7 (3rd Cir. 1989), the Third Circuit noted that "in the absence of an explicit corresponding provision in ERISA allowing a professional malpractice cause of action, Congress did not intend to preempt a whole panoply of state law in this area." The Third Circuit relied on *Mackey v. Lanier Collection Agency & Service,* 486 U.S. 825, 108 S.Ct. 2182, 100 L.Ed.2d 836 (1988), a case in which the Supreme Court held that a general Georgia garnishment statute that applied to welfare plans was not preempted by ERISA. The *Mackey* Court stated that while section 502(c) of ERISA, 29 U.S.C. § 1132(c), contemplates lawsuits for specified relief, including the recovery of plan benefits, "ERISA plans may be sued in a second type of civil action.... These lawsuits—lawsuits against ERISA plans for run-of-the-mill state-law claims such as unpaid rent, failure to pay creditors, or even torts committed by an ERISA plan—are relatively commonplace." *Id.* at 832, 108 S.Ct. at 2187. The Third Circuit found professional malpractice actions analogous to the second type of civil action in *Mackey.*

In addition, plaintiffs have alleged conflict-of-interest charges against Hewitt. Complaint ¶ 46. Conflict of interests are discussed in the JBEA's regulations, see *id.* ¶ 30, but are not discussed in the ERISA regulations. These conflict of interest charges have little to do with the "adminis-

tration" of the plan and are clearly not preempted.

### C. *Availability of Other Relief*

Plaintiffs note that if they are not allowed to state a malpractice cause of action against Hewitt, they will be denied a remedy for Hewitt's conduct. Although the absence of a remedy does not undermine ERISA preemption, *Olson v. General Dynamics Corp.*, 951 F.2d 1123, 1127 (9th Cir.1991), it does distinguish this case from Ninth Circuit decisions which have pointed to the availability of non-ERISA based remedies as an argument in support of preemption. *See, e.g., Gibson,* 915 F.2d at 417.

Hewitt argues that plaintiffs may seek an equitable remedy under Section 502(a)(3) of ERISA, 29 U.S.C. § 1132(a)(3). Hewitt's argument is incorrect, however, for the Ninth Circuit has disallowed an equitable remedy for plaintiffs in this case. In *Mertens et al.,* 948 F.2d at 612, the Ninth Circuit observed that the only way in which the district court could fashion an equitable remedy which would provide monetary relief to plaintiffs would be to order restitution. The court dismissed this possibility because plaintiffs did not allege that Hewitt had been unjustly enriched by its activities. The court also noted that plaintiffs alleged that Hewitt was paid by Kaiser Steel, not from assets of the plan. Therefore, it was not possible "to frame a claim for restitution in terms of the recovery of plan assets wrongfully obtained by Hewitt." *Id.*

### II. *Waiver*

Because the court finds that there is no preemption of the state malpractice claims in this case, it need not reach the question of whether Hewitt has waived its preemption defense.

### III. *Jurisdiction Over State Law Claim*

In *Mertens, et al.,* 948 F.2d at 614, the Ninth Circuit stated that this court had discretion to entertain Hewitt's state law claim. The Ninth Circuit cited *United Mine Workers of America v. Gibbs,* 383 U.S. 715, 86 S.Ct. 1130, 16 L.Ed.2d 218 (1966), as authority for this proposition. *Gibbs* itself counseled against retention of state law

claims in federal court if the federal claims were dismissed before trial, *id.* at 726, 86 S.Ct. at 1139. However, Ninth Circuit cases have interpreted *Gibbs* to allow retention of state claims in such situations if retention would advance judicial economy, fairness, and convenience. *See, e.g., In re Nucorp Energy Securities Litigation,* 772 F.2d 1486, 1491 (1985); *Aydin Corp. v. Loral Corp.,* 718 F.2d 897, 904 (9th Cir.1983). In this case, retention of Hewitt's state law claim by this court will avoid "imposing unnecessarily on a state court ... a repetition of pleadings, motions, discovery and other pre-trial proceedings." *Nucorp,* 772 F.2d at 1491. Therefore the court exercises its discretion in favor of retaining Hewitt's state law claim.

### CONCLUSION

For the reasons given above, the court finds that plaintiffs' state law claim is not preempted by ERISA. Accordingly, the court DENIES defendant's motion for summary judgment. The court chooses to retain jurisdiction over Hewitt's state law claim under the pendent jurisdiction doctrine of *United Mine Workers v. Gibbs,* 383 U.S. 715, 86 S.Ct. 1130, 16 L.Ed.2d 218 (1966), and its progeny.

IT IS SO ORDERED.