# United States Court of Appeals

## For the First Circuit

No. 02-1247

DUDLEY SUPERMARKET, INC., d/b/a PARK 'N' SHOP;
SOUTHBRIDGE PARK 'N' SHOP, INC., d/b/a PARK 'N' SHOP;
CHARLES A. PAPPAS, Trustee of the
Dudley Supermarket, Inc. Defined Benefit Plan;
CHARLES A. PAPPAS, JR., Trustee of the
Dudley Supermarket, Inc. Defined Benefit Plan,

Plaintiffs, Appellants,

v.

TRANSAMERICA LIFE INSURANCE AND ANNUITY COMPANY,

Defendant, Appellee.

APPEAL FROM THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MASSACHUSETTS

[Hon. Nathaniel M. Gorton, U.S. District Judge]

Before

Boudin, Chief Judge,

Selya, Circuit Judge,

Greenberg,* Senior Circuit Judge.

James C. Donnelly, Jr. with whom Patricia L. Davidson and
Mirick, O'Connell, DeMallie & Lougee were on brief for appellants.
Reid A. Evers with whom Kevin M. Dalton and Glovsky & Glovsky
were on brief for appellee.

*Of the Third Circuit, sitting by designation.

August 30, 2002

**GREENBERG, Senior Circuit Judge**. This matter comes on before this court on appeal from a January 28, 2002 order of the district court and a final judgment entered on February 22, 2002, in favor of defendant-appellee Transamerica Life Insurance and Annuity Company ("Transamerica").

Plaintiffs-appellants, Dudley Supermarket, Inc. d/b/a Park 'N' Shop, Southbridge Park 'N' Shop, Inc. d/b/a Park 'N' Shop, and Charles A. Pappas and Charles A. Pappas, Jr., Trustees of the Dudley Supermarket, Inc. Defined Benefit Plan, brought this action in the Superior Court of Massachusetts, Worcester Division, alleging, purportedly solely under state law, common law negligence, breach of contract and statutory[1] unfair trade practices, inter alia, in connection with investment services provided by Transamerica, a financial services company, with respect to the Dudley Supermarket, Inc. Defined Benefit Plan. Appellants explain that their complaint charged Transamerica with wrongdoing arising "from the sale of Park 'N' Shop's employee retirement plan . . ., the sale of investments to the Plan, and the preparation of misleading actuarial valuation reports which failed to disclose the Plan's unfunded liability." Brief at 4. See also Brief at 6.

Transamerica removed the case to the district court on both diversity of citizenship and federal question grounds pursuant to 28 U.S.C. § 1441(b). It asserted that the complaint necessarily

_____

[1]See Mass. Gen. Laws ch. 93A, §§ 2 & 11 (West 1997).

was under federal law because it charged that it had breached its fiduciary duties in violation of the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1001 et seq., in particular ERISA § 409, 29 U.S.C. § 1109, and thus alleged a cause of action under ERISA § 502(a)(2), 29 U.S.C. § 1132(a)(2). Inasmuch as appellants acknowledge that Transamerica properly removed the case on diversity of citizenship grounds, they understandably did not move in the district court to remand the case to the state court.

Subsequently, on Transamerica's motion, and over appellants' objection, the district court determined that ERISA completely preempted appellants' claims and it accordingly entered the January 28, 2002 order which recharacterized the state law claims as arising under ERISA and struck appellants' demand for a jury trial. Thereafter, the parties entered into a stipulation for entry of judgment in Transamerica's favor, reserving appellants' right to appeal from the district court's determination with regard to ERISA preemption.[2] The district court accepted the stipulation and entered judgment in Transamerica's favor with prejudice on February 22, 2002. Appellants then filed a timely notice of appeal. The only issue appellants raise on appeal is whether ERISA completely preempts their state law claims, thus justifying the district

---

[2]Appellants explain that they entered into the stipulation because they "determined that [they] would probably not prevail at trial on any claim under ERISA, in part because [they] did not allege that Transamerica had discretionary authority over Plan assets." Brief at 5.

-3-

court's determination to treat their action as being under ERISA.[3] We review this legal question on a <u>de novo</u> basis. <u>See</u> <u>Aponte</u> v. <u>Calderon</u>, 284 F.3d 184, 191 (1st Cir. 2002).[4]

There can be no doubt that if appellants' purported state law claims in fact charged Transamerica with breach of fiduciary duty while acting as an ERISA fiduciary, ERISA would preempt completely their claims which thus would have to be asserted, if at all, under ERISA. <u>See</u> <u>Danca</u> v. <u>Private Health Care Sys., Inc.</u>, 185 F.3d 1, 4-6 (1st Cir. 1999). Appellants, however, argue that they do not allege that Transamerica acted with respect to their plan as a plan fiduciary as defined by ERISA but rather as "a provider of garden-variety professional services regulated by state laws that do not affect ERISA's regulatory scheme." Brief at 14-15. This contention requires us to consider section 3(21)(A) of ERISA, 29 U.S.C. § 1002(21)(A), which provides that a person is a "fiduciary" with respect to an employee benefit plan, if, <u>inter alia</u>, he "renders investment advice for a fee or other compensation, direct or indirect, with respect to any moneys or other property" with respect to the plan. "Investment advice," according to Department of Labor regulations, covers advice as to the value of securities or other property, or as to the advisability of investing in, purchasing, or selling securities or other property, where the advice is individualized and is rendered on a regular basis

---

[3]Appellants do not challenge the district court's ruling that there is no right to trial by jury for actions alleging breach of fiduciary duty under ERISA.

[4]We have jurisdiction under 28 U.S.C. § 1291.

pursuant to a mutual agreement for a fee.  See 29 C.F.R. § 2510.3-21(c).

By the plain terms of the complaint, and as reflected in the record on appeal, Transamerica was compensated as the primary, individualized, and routine provider of investment advice for the Dudley Supermarket, Inc. Defined Benefit Plan.  Therefore, Transamerica was an ERISA fiduciary rather than a mere professional service provider with an ancillary relationship to the plan.  See App. at 10, complaint ¶ 6 ("The Trustee is experienced in the grocery business, but had little or no experience in managing investments, as a fiduciary or otherwise.  He relied on Transamerica, and Transamerica solicited such reliance."); App. at 11, complaint ¶ 10 ("Transamerica entered into a series of agreements with Park 'N' Shop and/or the Trustee by which Transamerica became the Plan administrator and custodian of the Plan assets.  In addition, Transamerica undertook to provide investment services relating to the investment of Plan assets."); App. at 54-55, appellants' pretrial memorandum (plan trustee had "little or no experience with investments.  Although nominally responsible for the selection of investments, he relied on Transamerica to recommend investments and a level of contributions which would fully fund the Plan within twenty (20) years . . . . He also relied on Transamerica to advise him if and when it became advisable to change the investment strategy, or increase contributions.").  The fact that in the absence of ERISA the complaint may have asserted viable state law claims cannot affect

our result.

Moreover, appellants' argument at its core implicates Transamerica's allegedly deficient investment advice with respect to the management of plan assets. In their state law counts, appellants claim, <u>inter alia</u>, that Transamerica failed to provide adequate information concerning its investment practices, to provide accurate actuarial statements, and to disclose that the plan was underperforming. Likewise, in their Pre-Trial Memorandum, appellants list as contested issues of fact whether Transamerica "failed to disclose various financial risks" concerning the plan, "failed to provide accurate information" regarding the investment of plan assets, and "failed to provide Park 'N' Shop with reasonably prudent and diverse investments for Plan assets." App. at 58-59.

Indeed, appellants' brief hardly could be clearer in alleging that Transamerica violated its fiduciary duties under ERISA. Thus, after complaining that Transamerica advised placing the plan assets in interest-based investments, appellants set forth that at "approximately the same period in the nineties, the stock market experienced very substantial increases in value" and that Transamerica "failed to notify Park 'N' Shop that Plan assets could be invested in stocks, which have historically outperformed fixed income investments by a substantial margin." Brief at 11-12. We cannot understand how appellants can argue seriously that such allegations do not assert that Transamerica breached its fiduciary duties when we take into account ERISA's provision that "a person

-6-

is a fiduciary with respect to a plan to the extent [that] he renders investment advice for a fee or other compensation, direct or indirect, with respect to any moneys or other property of such plan." ERISA § 3(21), 29 U.S.C. § 1002(21).

Fundamentally, it is clear that the gravamen of the complaint is that Transamerica breached its fiduciary duty under ERISA to provide competent investment advice and services rather than, as appellants argue, that Transamerica merely violated "run-of-the-mill"[5] state laws that are largely tangential to and not preempted by ERISA. See ERISA § 404(a), 29 U.S.C. § 1104(a) (ERISA fiduciary must discharge his duties with reasonable care, skill, and diligence, and with the goal of minimizing the risk of large loss through asset diversification); see also ERISA § 409(a), 29 U.S.C. § 1109(a) (Any fiduciary who "breaches any of the responsibilities, obligations, or duties imposed upon fiduciaries by this subchapter shall be personally liable to make good to such plan any losses to the plan resulting from each such breach, and to restore to such plan any profits of such fiduciary which have been made through use of assets of the plan by the fiduciary . . . ."). Consequently, appellants' state law claims in reality assert that Transamerica as an ERISA fiduciary gave an ERISA plan inadequate investment advice and thus the claims fall squarely within the exclusive scope of the federal civil enforcement provisions of ERISA § 502(a)(2), 29

---

[5]Mackey v. Lanier Collection Agency & Serv., Inc., 486 U.S. 825, 833, 108 S.Ct. 2182, 2187 (1988).

U.S.C. § 1132(a)(2).[6]  ERISA therefore completely preempts the claims.  See Metropolitan Life Ins. Co. v. Taylor, 481 U.S. 58, 63, 66-67, 107 S.Ct. 1542, 1546-48 (1987); Danca, 185 F.3d at 7 (complete preemption where the state law claims properly are characterized as "alternative enforcement mechanism[s]" of ERISA § 502(a)(2), 29 U.S.C. § 1132(a)(2)) (citations omitted).[7]

We have examined the many cases that appellants cite to support their assertion that "claims based essentially on professional malpractice are not preempted by ERISA even though the claims involve in some way a plan governed by ERISA."  Brief at 30. These cases, as significant here, simply indicate that the malpractice claims against the defendants there, who were not fiduciaries with respect to an ERISA plan, were not preempted. See, e.g., Berlin City Ford, Inc. v. Roberts Planning Group, 864 F. Supp. 292, 295 (D.N.H. 1994) ("For the purpose of arguing the removal issue, both parties assume that Roberts is not a plan fiduciary.  Thus, the issue to be resolved is whether a plan administrator's state law professional negligence claims against a

---

[6]This section empowers a plan participant, beneficiary, or fiduciary to bring a civil action for appropriate relief under ERISA § 409, 29 U.S.C. § 1109, the section governing liability for breach of ERISA fiduciary duties.  Of course, the appellants themselves are undoubtedly ERISA fiduciaries and they do not contend otherwise.

[7]We do not hold that appellants' claims properly were dismissed as being insufficient under ERISA as we do not reach that issue.  The district court entered judgment for Transamerica with prejudice only because appellants consented to its entry subject to their right to appeal from the complete preemption ruling.  The district court was prepared to proceed with the trial on appellants' claims as restated under ERISA.

non-fiduciary 'relate to' an ERISA regulated plan within the meaning of [ERISA § 514(a),] 29 U.S.C. § 1144(a)."); <u>Mertens</u> v. <u>Kaiser Steel Ret. Plan</u>, 829 F. Supp. 1158 (N.D. Cal. 1992) (actuarial malpractice);[8] <u>see</u> <u>also</u> <u>Shofer</u> v. <u>Stuart Hack Co.</u>, 595 A.2d 1078, 1081-82 (Md. 1991) ("There are appellate cases holding that certain professionals who gave advice to, or performed ministerial services for, ERISA plans were not fiduciaries.") (collecting cases).

On the other hand, "there is no <u>per</u> <u>se</u> rule that prevents professionals who render advice to an ERISA plan from becoming fiduciaries." <u>Pappas</u> v. <u>Buck Consultants, Inc.</u>, 923 F.2d 531, 538 (7th Cir. 1991). That situation describes this case as appellants' contentions with respect to Transamerica's functions establish that wherever the line that separates an ordinary professional from a fiduciary for ERISA purposes may be, Transamerica is on the fiduciary side of the line. Thus, we are dealing with complete preemption.

Finally, reaching our result we emphasize that we do not disregard appellants' characterization of their complaint as setting forth "allegations . . . related solely to Transamerica's role in selling the Plan, selling investments and providing professional actuarial services in an independent, non-fiduciary capacity." Brief at 20. Rather, we do not accept their conclusory statement that Transamerica acted in a "non-fiduciary capacity,"

---

[8]<u>Mertens</u> subsequently was before the Supreme Court on an issue not material here. <u>See</u> <u>Mertens</u> v. <u>Hewitt Assocs.</u>, 508 U.S. 248, 113 S.Ct. 2063 (1993).

for appellants' specific factual allegations simply do not support this conclusion.  A court must make its determination of whether an entity acted in a fiduciary capacity with respect to the alleged wrongdoing not on the basis of a plaintiff's characterization of the activity but rather on the basis of the functions the entity performed and its relationship to the plaintiff.

**Affirmed**.