# In the
# United States Court of Appeals
## For the Seventh Circuit

_____

No. 06-3560

MOSTLY MEMORIES, INCORPORATED,
a Missouri corporation,

*Plaintiff-Appellee,*

v.

FOR YOUR EASE ONLY, INCORPORATED,
an Illinois corporation, LORI GREINER,
individually, and DANIEL GREINER,
individually and d/b/a CLEVER & UNIQUE
CREATIONS WITH LORI GREINER, ON QVC TV,

*Defendants-Appellants,*

_____

Appeal from the United States District Court
for the Northern District of Illinois, Eastern Division.
No. 05 C 7058—**Ruben Castillo**, *Judge.*

_____

ARGUED MAY 2, 2007—DECIDED MAY 27, 2008

_____

Before EVANS, WILLIAMS, and SYKES, *Circuit Judges.*

SYKES, *Circuit Judge.* Mostly Memories, Inc. ("Mostly Memories") sued For Your Ease Only, Inc. ("For Your Ease") and its owners alleging copyright infringement and various state-law claims. After the district court dismissed the entire case with prejudice, the defendants

moved for an award of attorney's fees on several grounds: the Copyright Act, 17 U.S.C. § 505; the Illinois Trade Secrets Act ("ITSA"), 765 ILL. COMP. STAT. 1065/5 (2004); the vexatious litigation statute, 28 U.S.C. § 1927; and the court's inherent power. Although the suit had been dismissed on Mostly Memories' own motion because its counsel had concluded it was completely baseless, the district court denied the defendants' motion without explanation. The court also sua sponte dismissed the defendants' counterclaims with leave to refile them in the District of Missouri. The defendants argue that neither ruling can withstand appeal, and we agree.

First, the district court did not explain why it dismissed the counterclaims. The court's apparent rationale—a defect in jurisdiction or venue—is not supported by the record. Second, the court's summary denial of the defendants' motion for attorney's fees was too threadbare to constitute a reviewable exercise of discretion. The court neither identified nor applied the legal principles informing a court's decision to award attorneys' fees under any of the theories asserted by the defendants. This omission is particularly conspicuous in light of a prevailing party's presumptive entitlement to attorney's fees under § 505 of the Copyright Act. We reverse and remand for entry of an appropriate award of attorney's fees and reinstatement of the defendants' counterclaims.

## I. Background

Mostly Memories manufactures decorative candles and other home accessories. For Your Ease specializes in selling products through QVC, the popular home-shopping

cable network. Lori Greiner, who co-owns For Your Ease with her husband, Daniel Greiner, approached Mostly Memories at a trade show in 2000 and offered to promote its products to QVC "buyers." Those buyers determine which products QVC will offer to the viewing public, so winning them over is a critical first step for companies looking to market their wares to the legions of QVC viewers. Mostly Memories accepted Greiner's offer and signed a contract in which For Your Ease agreed to act as Mostly Memories' exclusive sales agent with respect to QVC. For Your Ease also agreed to work with Mostly Memories to develop new products to pitch to the network. In exchange, For Your Ease received a 6% commission on each Mostly Memories product QVC ordered. That commission increased to 10% for any Mostly Memories products Greiner featured in her own QVC segment, *Clever & Unique Creations with Lori Greiner*.

After a three-year honeymoon period, the relationship between Mostly Memories and For Your Ease began to deteriorate. In 2004 Mostly Memories notified For Your Ease that it would be unable to fill outstanding candle orders from QVC. Afraid of damaging its reputation with QVC, For Your Ease scrambled to cover the outstanding orders, ultimately purchasing substitute candles from a third-party manufacturer. Mostly Memories President Tricia Derges felt that For Your Ease was to blame for Mostly Memories' inability to fill the QVC candle orders. As such, Derges believed Mostly Memories was entitled to a "reverse commission" on the substitute candles. For Your Ease refused to pay any "reverse commissions," prompting Derges to write a letter to QVC accusing For Your Ease of passing off proprietary Mostly Memories' product designs (i.e., the substitute

candles) as its own. In that letter Derges also offered to bypass For Your Ease and sell its products directly to QVC, an offer For Your Ease later characterized as a breach of Mostly Memories' covenant not to compete. Mostly Memories and For Your Ease then exchanged a volley of increasingly accusatory letters before Mostly Memories brought this lawsuit in December 2005. For Your Ease and Lori and Daniel Greiner were named defendants. (We will refer to them collectively as "For Your Ease".) QVC was also named as a defendant but is not a party to this appeal.

Mostly Memories' mammoth complaint alleged 47 counts of copyright infringement and various state-law claims. For Your Ease responded with several counter-claims, alleging (among other things) that For Your Ease and Lori Greiner, not Mostly Memories and Derges, owned the copyrights to many of the products at issue, and that it was Mostly Memories and its affiliates who were guilty of infringement. For Your Ease also alleged that Mostly Memories owed roughly $88,000 in commissions under the parties' sales contract. The case proceeded to discovery and For Your Ease eventually deposed Derges. She made several statements directly at odds with the infringement and breach-of-contract allegations she had verified in Mostly Memories' complaint. Accordingly, John Bickley, Jr., Mostly Memories' lead counsel, cut off further questioning and conferred with Derges in another room.

Bickley returned shortly thereafter and announced that he would be moving to dismiss Mostly Memories' complaint. He promptly did so, premising the motion upon Rule 11 of the *Federal Rules of Civil Procedure* and stating that Derges's "testimony has caused so much damage to

her credibility, that to continue the proceedings, by attempting to move to Amend the Complaint, would be irresponsible." The district court granted the motion and dismissed Mostly Memories' entire case with prejudice. Mostly Memories immediately retained different counsel and moved to vacate the dismissal under Rule 59(e) on the ground that Bickley acted without Mostly Memories' authorization. The district court denied that motion on June 7, 2006, and Mostly Memories did not timely appeal.

In the meantime, For Your Ease filed a "Motion for Attorney's Fees and Sanctions" based on the Copyright Act, the ITSA, 28 U.S.C. § 1927, and the court's inherent authority. At a hearing on August 23, 2006, the district court denied the motion, stating only that the "unfortunate series of events that occurred here [do not] warrant the imposition of sanctions." At that hearing the court also dismissed sua sponte For Your Ease's counterclaims without prejudice, telling For Your Ease it could refile them in the District of Missouri. The court then concluded: "This case is over [within] this district, as far as I'm concerned." These oral rulings were consolidated into an August 23 minute order from which For Your Ease took this timely appeal.

At the end of the August 23 hearing, counsel for QVC announced his intention to file an attorney's fees petition on behalf of QVC. He later did so, at which point For Your Ease filed *another* motion for attorney's fees, reiterating its prior arguments and adding one based on the contract between the parties. The district court summarily denied these motions in a separate order dated October 19, 2006, roughly one month after For Your Ease filed its notice of appeal from the August 23 order. No appeal was taken from this order.

Also on October 19, the district court denied Mostly Memories' Rule 60(b) motion seeking reinstatement of its claims. Mostly Memories then timely appealed this order and belatedly attempted to appeal the earlier dismissal of its lawsuit and the denial of its Rule 59(e) motion. In a brief unpublished order, we dismissed the untimely appeal of the district court's earlier orders dismissing the case and denying the Rule 59(e) motion and summarily affirmed the denial of Mostly Memories' Rule 60(b) motion.

## II. Analysis

For Your Ease challenges the dismissal of its counterclaims and the denial of its motion for attorney's fees. Before considering the merits, we must address two issues of appellate jurisdiction. *See Wingerter v. Chester Quarry Co.*, 185 F.3d 657, 660 (7th Cir. 1998) ("A court of appeals has an obligation to examine its jurisdiction sua sponte, even if the parties fail to raise a jurisdictional issue."). The first issue is whether the court's August 23 order dismissing For Your Ease's counterclaims without prejudice was final for purposes of 28 U.S.C. § 1291. A dismissal without prejudice is normally nonfinal because the plaintiff remains free to refile his case. *Doctor's Assocs. v. Duree*, 375 F.3d 618, 622 (7th Cir. 2004); *see also Quackenbush v. Allstate Ins. Co.*, 517 U.S. 706, 712 (1996) ("[A] decision is ordinarily considered final and appealable under § 1291 only if it 'ends the litigation on the merits and leaves nothing for the court to do but execute the judgment.' " (quoting *Catlin v. United States*, 324 U.S. 229, 233 (1945))). In some instances, however, a dismissal without prejudice may effectively end the litigation and thus constitute a final order for purposes

of appellate review. *Duree*, 375 F.3d at 622 (citing as examples a party's inability to amend the dismissed complaint or file a new complaint within the statute of limitations).

Here, the district court's dismissal of For Your Ease's counterclaims (following the dismissal of Mostly Memories' complaint) unequivocally ended the litigation in the Northern District of Illinois. The judge made it clear that he considered the case "over [within] this district, as far as I am concerned." Neither an amended pleading nor a newly filed action could resurrect For Your Ease's counterclaims in the Northern District. *See Kaba v. Stepp*, 458 F.3d 678, 680 (7th Cir. 2006) ("[D]ismissal without prejudice . . . is effectively a final order because no amendment could resolve the problem."); *ITOFCA, Inc. v. MegaTrans Logistics, Inc.*, 235 F.3d 360, 363 (7th Cir. 2000) (no final order where defendant was free to refile its counterclaims in the district court). The risk of piecemeal appeals from the district court—one of the concerns underlying the "final order" requirement in § 1291—is therefore nonexistent here. *ITOFCA*, 235 F.3d at 364. The district court conclusively disposed of For Your Ease's counterclaims in the Northern District, and For Your Ease is entitled to appeal that final disposition in this circuit. *See Hill v. Potter*, 352 F.3d 1142, 1144 (7th Cir. 2003) ("The test [for finality] is whether the district court has finished with the case.").

The second issue is whether For Your Ease can challenge the denial of its motion for attorney's fees in this appeal given that it later filed a second motion adding a contractual basis for an award of fees. The district court's October 19 order denying this second motion was separately appealable, *see Sonii v. Gen. Elec. Co.*, 359 F.3d

448, 449 (7th Cir. 2004) ("[P]ost-judgment decisions on requests for attorneys' fees are appealable independently of the merits."), but no appeal was taken. That does not affect the finality of the court's August 23 order, however. For Your Ease has confined its appellate arguments to the points it raised in the district court in its first motion for attorney's fees, and the August 23 order denying *that* motion is properly before this court.

## A.  For Your Ease's Counterclaims

For Your Ease seeks reinstatement of its counterclaims, and ordinarily our review of the district court's decision dismissing them would be for an abuse of discretion. That deferential standard of review applies to certain categories of dismissals (e.g., a dismissal of pendant state-law claims under 28 U.S.C. § 1367, *see Montano v. City of Chicago*, 375 F.3d 593, 601 (7th Cir. 2004), or a forum non conveniens dismissal, *see Sinochem Int'l Co. v. Malay. Int'l Shipping Corp.*, 127 S. Ct. 1184, 1190 (2007)), but here, the district court's one-sentence dismissal order defies categorization and thus is a poor candidate for deferential appellate review. Indeed, we have no idea why the district court dismissed For Your Ease's counterclaims. The order is silent on that matter, and the record offers little in the way of clarification. If the district court dismissed the counterclaims for reasons committed to its discretion (as opposed to nondiscretionary reasons such as want of subject-matter jurisdiction, *see* FED. R. CIV. P. 12(h)(3)), this dearth of explanation could itself warrant a reversal and remand. *See Montano*, 375 F.3d at 601 (district court's failure to explain its dismissal decision is "practically a fatal one for abuse-of-discretion review"). The order might be entitled to the benefit of the

doubt if the record otherwise established a basis for the dismissal, *Burrell v. Powers*, 431 F.3d 282, 285 n.1 (7th Cir. 2005), but our review of the record has revealed none.

One passing statement in the transcript implies that the court's rationale for the dismissal had something to do with the state of residency (Missouri) of the counter-claim defendants. To the extent the court was hinting at a defect in jurisdiction or venue, this was error. Because For Your Ease's copyright infringement counterclaim presented an independent and live federal controversy, jurisdiction was proper under §§ 1331 and 1338 (along with § 1367 for the supplemental state-law claims), and thus the counterclaim defendants' state of residency or domicile is irrelevant.[1] Any objection to personal jurisdiction or venue in the Northern District of Illinois was waived. *See* FED. R. CIV. P. 12(b)(2), (3), & 12(h); *see also* § 1406(b) ("Nothing in this chapter shall impair the jurisdiction of a district court of any matter involving a party who does not interpose timely . . . objection to the venue.").

The district court does have discretion to transfer a case to another proper venue "in the interest of justice" and "[f]or the convenience of parties and witnesses," § 1404(a), but the court dismissed rather than transferred For Your Ease's counterclaims. *Cf. Hyatt Int'l Corp. v. Coco*, 302 F.3d

---

[1] For Your Ease conceded in its brief and at oral argument that the dismissal with prejudice of Mostly Memories' complaint rendered moot two of its counterclaims seeking declaratory relief: counterclaim IV for declaration of invalidity of copyrights and counterclaim V for declaration of noninfringement of copyrights. We agree and affirm the dismissal of these two counterclaims. *See* 28 U.S.C. § 2201(a); *Super Sack Mfg. Corp. v. Chase Packaging Corp.*, 57 F.3d 1054, 1059 (Fed. Cir. 1995).

707, 717 (7th Cir. 2002) ("[W]ith respect to cases wholly within the system of U.S. federal courts, the doctrine [of forum non conveniens] has been largely replaced by the transfer of venue statute."). Having found no defect in jurisdiction or venue, we can discern no rationale for the dismissal of For Your Ease's counterclaims. Accordingly, we remand with instructions to reinstate them.

### B.   For Your Ease's Entitlement to Attorney's Fees as the "Prevailing Party"

For Your Ease moved for attorney's fees under § 505 of the Copyright Act of 1976 and section 1065/5 of the ITSA. *See* 17 U.S.C. § 505; 765 ILL. COMP. STAT. 1065/5 (2004). Section 505 authorizes an award of fees to the prevailing party in a suit under the Copyright Act; the state statute permits an award of fees as a sanction for bad faith ITSA litigation. *Compare Fogerty v. Fantasy, Inc.*, 510 U.S. 517, 534 n.19 (1994) (concerning fee-shifting under § 505), *with* 765 ILL. COMP. STAT. 1065/5 (the sanctioned party must have acted in "bad faith"). For Your Ease also invoked the vexatious litigation statute, 28 U.S.C. § 1927, and the court's inherent authority. The district court denied the motion without explanation.

While an award of attorney's fees under § 505 is entrusted to the district court's discretion, *FASA Corp. v. Playmates Toys, Inc.*, 108 F.3d 140, 141 (7th Cir. 1997), we have held that the prevailing party in Copyright Act litigation is presumptively entitled to an award of fees under § 505, *Woodhaven Homes & Realty, Inc. v. Hotz*, 396 F.3d 822, 824-25 (7th Cir. 2005); *Assessment Techs. of WI, LLC v. WIREData, Inc.*, 361 F.3d 434, 436-37 (7th Cir. 2004). In the case of prevailing defendants, we have described

this presumption as "very strong." *Assessment Techs.*, 361 F.3d at 437. There is no question that a dismissal with prejudice makes the defendant the prevailing party for purposes of an award of attorney's fees under § 505. *Claiborne v. Wisdom*, 414 F.3d 715, 719 (7th Cir. 2005). This is no less true when a case is dismissed because the plaintiff "threw in the towel"—that is, where the dismissal is on the plaintiff's own motion. *Riviera Distributors, Inc. v. Jones*, 517 F.3d 926, 928 (7th Cir. 2008).

The district court's summary ruling reflects no consideration of these principles. The judge simply said Mostly Memories' conduct did not "warrant[ ] the imposition of sanctions," but the loser's conduct need not be "sanctionable" for the winner to be entitled to attorney's fees under § 505. *Id.* For Your Ease was the prevailing party and is entitled to an award of attorney's fees under the Copyright Act. Because For Your Ease is entitled to reimbursement of its attorney's fees under § 505, we need not consider its arguments for an award of fees under the ITSA, § 1927, or the court's inherent authority.

Accordingly, we REVERSE the district court's order dismissing For Your Ease's counterclaims and remand with instructions to reinstate them.[2] We also REVERSE the court's order denying For Your Ease's motion for attorney's fees under § 505 and REMAND with instructions to enter an appropriate award of fees.

---

[2] As noted in note 1, however, we affirm the dismissal of the counterclaims For Your Ease has conceded are moot.