**MOSTLY MEMORIES, INC.,** Plaintiff,

v.

**FOR YOUR EASE ONLY, INC.,**
et al., Defendants.

No. 05 C 7058.

United States District Court,
N.D. Illinois,
Eastern Division.

Jan. 14, 2009.

Michael A. MacIejewski, Ltd., P.C., Paul William Bullard, Elmhurst, IL, for Plaintiff.

Christopher A. Seidl, Daniel W. McDonald, J.R. Maddox, William D. Schultz, Merchant & Gould, PC, Minneapolis, MN, Donald B. Levine, Latimer, LeVay Jurasek, LLC, Marshall J. Burt, Law Offices of Marshall J. Burt Oscar L. Alcantara, Goldberg, Kohn, Bell, Black, Rosenbloom & Moritz, Ltd., Chicago, IL, for Defendants.

### *ORDER*

RUBEN CASTILLO, District Judge.

The facts underlying this case were set forth in the Seventh Circuit's opinion in *Mostly Memories, Inc. v. For Your Ease Only, Inc.*, 526 F.3d 1093 (7th Cir.2008). In that opinion, the Seventh Circuit remanded for this Court to enter an appropriate award of attorneys fees and costs to Defendants as prevailing parties under the Copyright Act, 17 U.S.C. § 505. *Mostly Memories*, 526 F.3d at 1099. The fee petitions of Defendants For Your Ease Only ("FYEO") (R. 85) and QVC, Inc. ("QVC") (R. 90) are now fully briefed. (R. 150, 153–58.)

In calculating an award of attorneys fees, the Court must determine the "lodestar" amount by multiplying the reasonable market rate for the attorneys' services by the reasonable number of hours worked. *Gautreaux v. Chi. Hous. Auth.*, 491 F.3d 649, 659 (7th Cir.2007); *People*

*Who Care v. Rockford Bd. of Educ.,* 90 F.3d 1307, 1311 (7th Cir.1996).

## I. FYEO

██ FYEO seeks a total of $592,729.10 in attorneys fees incurred by its lead counsel, Merchant & Gould, P.C. ("Merchant & Gould"), located in Minnesota, and its local counsel, Latimer, LeVay Jurasek, LLC ("Latimer").[1] (R. 85, FYEO's Mot. for Fees & Costs; R. 154, FYEO's Reply.) Plaintiff Mostly Memories, Inc. ("Mostly Memories") first argues that the hourly rates of lead counsel, Daniel McDonald ("McDonald") of $500 (for 2006) and $525 (for 2007) are excessive. (R. 150, Pl.'s Resp. at 5.) The market rate is the rate that lawyers of similar ability and experience in the community normally charge their paying clients for the type of work in question. *Gautreaux,* 491 F.3d at 659. The burden of proving the market rate is on the party seeking the fee award. *Id.* Once an attorney provides evidence establishing his market rate, the opposing party has the burden of demonstrating why a lower rate should be awarded. *Id.* at 659–60. "The best evidence of the value of the lawyer's services is what the client agreed to pay him." *Assess. Tech. of WI, LLC v. WIREdata, Inc.,* 361 F.3d 434, 438 (7th Cir.2004). Thus, the attorney's actual billing rate paid by his client is "presumptively appropriate" to use as the market rate. *People Who Care,* 90 F.3d at 1311.

██ Based on the documentation submitted, FYEO has established to this Court's satisfaction that McDonald's hourly rates are his actual billing rates and are reasonable for an intellectual property attorney with 23 years of experience. *See, e.g., JCW Invs., Inc. v. Novelty, Inc.,* 509 F.3d 339, 342–43 (7th Cir.2007) (approving

$450 hourly rate for counsel in copyright and trademark action); *In re Aimster Copyright Litig.,* No. 01–8933, 2003 WL 2002764 (N.D.Ill. Apr. 15, 2003) (approving hourly rates of $500 and $450 for partners in copyright litigation). These rates were fully paid by FYEO, and are thus presumptively appropriate to use as the market rate, and are also in line with what other attorneys of similar experience are charging. (R. 157, McDonald Decl., Ex. G.) Mostly Memories does not challenge the hourly rates of any other of FYEO's attorneys, which were also paid by FYEO, and the Court also finds these rates reasonable based on the documentation submitted.

██ Mostly Memories next challenges the number of hours expended by FYEO's attorneys. (R. 150, Pl.'s Resp. at 8–11.) By virtue of its familiarity with the litigation, the District Court is in the best position to determine the number of hours reasonably expended in the litigation. *Uphoff v. Elegant Bath, Ltd.,* 176 F.3d 399, 409 (7th Cir.1999); *McNabola v. Chicago Transit Auth.,* 10 F.3d 501, 519 (7th Cir. 1993). The Court should exclude from the fee petition time spent that was "excessive, redundant, or otherwise unnecessary." *Stark v. PPM Am., Inc.,* 354 F.3d 666, 674 (7th Cir.2004).

██ As an initial matter, the Court notes that Mostly Memories failed to disclose information pertaining to its own fees incurred in this litigation as required by Local Rule 54.3(d)(5), and so it is on weak footing when arguing in the abstract that the hours spent by FYEO's attorneys were excessive. The purpose of Local Rule 54.3 is to avoid "hypocritical" objections to the reasonableness of a fee request. *Farfaras*

---

1. FYEO has withdrawn its requests for costs and fees incurred in connection with its appeal. (R. 154, FYEO's Reply at 14.)

*v. Citizens Bank & Tr.*, 433 F.3d 558, 569 (7th Cir.2006). Moreover, although FYEO's fee request is high, it is in line with other copyright cases; on average, copyright cases in Chicago involving between $1–25 million in damages result in $760,000 in fees incurred through the close of discovery. (R. 157, McDonald Decl., Ex. I.) This is less than what FYEO is seeking here, even though the complaint alleged in excess of $20 million in damages, and sought another $10 million in punitive damages. (R. 1, Compl. at 43–44.) As the Seventh Circuit observed, this was a complex case involving a "mammoth" 147–paragraph complaint, which alleged violation of 47 separate copyrights. *See Mostly Memories*, 526 F.3d at 1095. The case was vigorously litigated by the parties for nearly a year, and given the complexity and number of issues involved, the Court does not finding the time expended by FYEO's attorneys excessive.

 Although Mostly Memories complains that certain billing entries involve discussions among the multiple attorneys working on the case, time spent discussing issues with other attorneys is a basic element of the practice of law and is compensable, if reasonable, in a fee petition. *Berberena v. Coler*, 753 F.2d 629, 633 (7th Cir.1985) (awarding compensation for four attorneys working on case, including time they spent strategizing and discussing the case). Upon review of the time records, the time spent was not unreasonable. Coordinating the defense of this case and conferencing with and delegating more time-consuming tasks to paralegals and lower-level associates, whose billing rates are significantly less, likely resulted in overall costs savings. *See Gautreaux*, 491 F.3d at 661 (time spent on "intra-team communications" was compensable since use of more than one lawyer is a "common practice, primarily because it

often results in a more efficient distribution of work"). As to the specific billing entries challenged by Mostly Memories, the Court finds these charges reasonable for the reasons stated in FYEO's reply. (*See* R. 154, FYEO's Reply at 7–13.)

 The Court also rejects Mostly Memories' argument that the fees incurred by local counsel were "redundant and unnecessary" because FYEO could have obtained a law firm in Chicago to serve as lead counsel, instead of hiring a firm from Minnesota. (R. 150, Pl.'s Resp. at 10.) Mostly Memories cites no authority, nor is this Court aware of any, preventing FYEO from hiring the law firm of its choosing as lead counsel in this case. To the contrary, a party may recover attorneys' fees performed by both non-resident and local counsel. *In re Aimster*, 2003 WL 2002764, at *4. Further, FYEO had a prior relationship with lead counsel, as Merchant & Gould has represented FYEO in several other intellectual property matters. (R. 154, FYEO's Reply at 13; R. 157, McDonald Decl. ¶ 5.) Although Mostly Memories is critical that FYEO also "felt it necessary to retain local counsel here in Chicago," in fact FYEO was mandated by the Local Rules to obtain local counsel, since lead counsel's office was located outside of this District. Local Rule 83.15(a). Moreover, local counsel performed more than just a perfunctory role in this case; Latimer is FYEO's business counsel and handled an important aspect of the case— FYEO's relationship with QVC, one of its most important customers, and with whom Latimer has dealt with extensively. (R. 154, FYEO's Reply at 13.) Upon review, the Court does not find the hours worked by Latimer redundant or unnecessary.

After careful review of the documents submitted by the parties, the Court finds the hourly rates and number of hours expended by FYEO's attorneys reasonable,

and therefore awards FYEO $592,729.10 in attorneys fees.

■ FYEO also seeks $66,340.58 in copying costs and court reporter services incurred in the litigation. Under 28 U.S.C. § 1920, the prevailing party may recover the costs of, among other things, photocopying fees, docket fees, and court reporter fees. The Copyright Act allows for recovery of additional costs that are not taxable under 28 U.S.C. § 1920, such as travel expenses and long-distance telephone charges. 17 U.S.C. § 505; *Twentieth Century Fox Film Corp. v. Entertainment Distributing*, 429 F.3d 869, 885 (9th Cir.2005); *InvesSys, Inc. v. McGraw–Hill Cos., Ltd.*, 369 F.3d 16, 22 (1st Cir.2004); *Microsoft Corp. v. T & S Int'l Corp.*, No. 03 C 4219, 2004 WL 407008, at *1 (N.D.Ill. Mar. 3, 2004).

Mostly Memories does not challenge the total amount of costs, or any particular charge, but argues that FYEO has submitted insufficient documentation of the costs incurred. (R. 150, Pl.'s Resp. at 14.) Upon review of the additional materials submitted with FYEO's reply, the Court disagrees. (*See* R. 155, Bryan Decl., Exs. A–C; R. 156, Drieman Decl., Exs. D–F.) The Court concludes that the costs sought by FYEO are authorized by 28 U.S.C. § 1920, and involve expenses that are reasonable and necessary to the litigation. *See Little v. Mitsubishi Motors N. Am., Inc.*, 514 F.3d 699, 702 (7th Cir.2008). Accordingly, FYEO is awarded a total of $66,340.58 in costs.

## II. QVC

QVC seeks a total of $91,186.25 in attorneys fees incurred by its counsel, the law firm of Goldberg, Kohn, Bell, Black, Rosenbloom & Moritz, Ltd. ("Goldberg Kohn"). (R. 90, QVC's Pet. for Fees & Costs.) Mostly Memories first argues that QVC has failed to establish the reasonableness of its attorneys' hourly rates. (R. 150, Pl.'s Resp. at 6–7.) Upon consideration of the additional materials submitted along with QVC's reply, the Court disagrees. (R. 153, QVC's Reply, Exs. 1–2.) The fees charged by Goldberg Kohn were fully paid by QVC, and are thus presumptively appropriate to use as the market rate, and the Court also considers them reasonable in light of the background and experience of the attorneys and other staff who worked on this case. (*Id.*)

■ Mostly Memories next challenges the amount of hours expended by Goldberg Kohn as "excessive and redundant." (R. 150, Pl.'s Reply at 11.) Mostly Memories argues that the billing records are insufficient because they contain combination entries, with multiple tasks included under one entry. (*Id.* at 11.) There is nothing inherently wrong with billing in this fashion, however, and "if counsel submit bills with the level of detail that paying clients find satisfactory, a federal court should not require more." *Cintas Corp. v. Perry*, 517 F.3d 459, 469 (7th Cir.2008). As stated above, QVC paid the bills submitted by Goldberg Kohn. Additionally, given the size and complexity of this case, it is not surprising that the attorneys were conducting multiple tasks pertaining to the case in any given day, and chose to keep track of their time in this fashion. *See Top Tobacco, L.P. v. N. Atl. Oper. Co., Inc.*, No. 06–950, 2007 WL 2688452, at *4 (N.D.Ill. Sept. 6, 2007) (block billing not unusual "in a case this large and complex, where attorneys perform multiple tasks on any given day").

■ Mostly Memories also complains that many hours were spent conferencing with other attorneys involved in the case, but for the same reasons discussed above as to FYEO, this argument is rejected. Additionally, for the reasons stated in

QVC's reply, the Court finds the time billed in preparing a joint defense agreement and the time spent by Goldberg Kohn's paralegals reasonable. (R. 153, QVC's Reply at 13–14.) The Court does find persuasive Mostly Memories' objection to 1.5 hours of time billed for a summer associate to attend a court proceeding, at which two Goldberg Kohn attorneys were also present. While it may make sense from a training perspective to have a summer associate observe court proceedings, the Court does not believe Mostly Memories should be required to foot the bill for this activity. Accordingly, the fees will be reduced by $240.

As to billing entries challenged by Mostly Memories which reference "TSV" rather than "FYEO," Goldberg Kohn clarifies in its reply that these entries fully pertained to Mostly Memories' claims but were designated differently for accounting purposes because they involved a different third-party vendor. (R. 153, QVC's Reply, Exs. 1–2.) In light of this explanation, the Court finds no basis to exclude these hours.

After careful review of the documents submitted by the parties, the Court finds the hourly rates and number of hours expended by QVC's attorneys reasonable, with the minor exception noted above, and therefore awards QVC $90,946.25 in attorneys fees.

QVC also seeks $15,966.01 in costs. Mostly Memories does not raise any objection to these costs, and upon review of the documentation submitted, the Court finds them reasonable. Accordingly, QVC is awarded $15,966.01 in costs.

## CONCLUSION

For the reasons stated above, Defendant For Your Ease Only is awarded $592,729.10 in attorneys fees and $66,340.58 in costs. Defendant QVC, Inc. is awarded $90,946.25 in attorneys fees and $15,966.01 in costs.